JOHNSON, RESPONDENT, v. BIELENBERG ET AL., APPELLANTS.

[Submitted March 27, 1893. Decided July 2, 1894.]

WATER RIGHTS—*Judgment—Findings.*—In an action to determine priority of water rights findings that a defendant became entitled to his right by an appropriation at a given date, that plaintiff had obtained a right to a less amount of water by a later appropriation, and that plaintiff had held the amount of such appropriation through adverse possession as against defendant, are inconsistent, and will not support a judgment awarding plaintiff the amount of his later appropriation.

*Appeal from Fourth Judicial District, Missoula County.*

ACTION to determine priority of water rights. The cause was tried before DURFEE, J. Remanded for further findings and modification of judgment.

*Robinson & Stapleton,* for Appellant.

*F. W. Cole,* and *H. R. Whitehill,* for Respondent.

Per CURIAM.—Peter Johnson commenced this action against twenty-one defendants, to determine the rights and priorities of himself and said defendants in the waters of Dempsey creek, for the purpose of irrigating agricultural lands. Upon the trial the court found all of their rights, and classified the same, and entered judgment accordingly. Herman Johnson, a defendant, appeals, being dissatisfied with the disposition of a

certain one hundred inches of water, as between himself, on the one side, and Peter Johnson and Patrick Quinlan on the other. The court found that Herman Johnson duly appropriated one hundred and fifty inches in 1866. There is no complaint of this finding. The court then found that Peter Johnson and Patrick Quinlan had, since 1867, held and used adversely to all the world one hundred of these inches; but the court also found that Peter Johnson and Patrick Quinlan had obtained this one hundred inches, and owned it by reason of appropriation of the same from the waters of said creek in 1867. With these two findings made, the court, in its judgment, gave this one hundred inches to Peter Johnson and Patrick Quinlan. Herman Johnson now complains that the judgment as to this one hundred inches is not supported by the findings.

The difficulty as to this one hundred inches of water is that the findings of the court in respect thereto are apparently wholly inconsistent. The court finds that Johnson and Quinlan appropriated this one hundred inches of water from the waters of the creek, and then it finds that they got it from Herman Johnson's water by adverse possession. If they obtained their title by the means described in one finding they did not obtain it in the manner set out in the other finding. If Johnson and Quinlan had held this water by adverse possession against Herman Johnson for the period of the statute of limitations the judgment is supported by the finding which was made to that effect. If the title of Johnson and Quinlan was by the appropriation in 1867 of this one hundred inches, then the judgment is not supported by the finding which was made to that effect, because the court also found that the appropriation by Herman Johnson was a year earlier. It is not for us to determine which finding is true, whether they got their water by adverse possession against Herman Johnson, or whether they attempted to appropriate it from the waters of the creek.

The case is therefore remanded, and the district court is directed to take testimony, make findings, and render judgment upon this point only; that is to say, as between Herman Johnson, on the one side, and Peter Johnson and Patrick Quinlan, on the other, let it be determined who is entitled to the one

hundred inches of water out of the one hundred and fifty inches appropriated by Herman Johnson in 1866, over and above the fifty inches already found by the court to belong to Herman Johnson, in the sixth class of priorities.

Appellant also calls attention to the fact that Peter Johnson and Patrick Quinlan are awarded one hundred and three inches each, in the fifth class of priorities, when in fact they claimed in their pleadings only one hundred inches. Respondent says that this is a clerical error, and concedes that it should be corrected, as demanded. Let such modification therefore be made, on *remittitur* being filed below.

*Remanded.*

All concur.