BATEMAN ET UX., APPELLANTS, *v.* RAYMOND ET UX., RESPONDENTS.

[Submitted February 25, 1895.   Decided March 4, 1895.]

DEED INTENDED AS MORTGAGE—*Setting aside contradictory finding.*—In an action by a grantor to have a deed declared a mortgage, and for an accounting, the jury found that the instrument, which was a deed on its face, was .given as, and was intended by the parties at the time to be, a mortgage, and this finding was not attacked, but accepted by all parties as true. Subsequently, on an accounting between the parties, the court found that the grantee believed that the instrument was a deed, and in this belief made improvements and expenditures upon the premises while in possession. *Held,* That the latter finding, being contradictory to the admitted facts in the case, could not be sustained, and must be set aside. (*Johnson* v. *Bielenberg*, 14 Mont. 506, distinguished.)

SAME—*Remand of case for correct accounting.*—In the case at bar the court, on the accounting, proceeded upon the erroneous theory that the mortgagee was in possession in the *bona fide* belief that he was the owner in fee, and accordingly allowed him certain items for improvements, etc., and it was *held*, that the case must be remanded, and an accounting had on the correct theory of ascertaining what items of expense were necessary for the protection and preservation of the estate by a mortgagee in possession. (*Johnson* v. *Bielenberg*, 14 Mont. 506, cited.)

FINDING—*Conflicting testimony.*—Where there is a substantial conflict in the testimony the finding of the court below will not be disturbed on appeal. (*Brownfield* v. *Bier, ante,* p. 403, cited.)

*Appeal from Fifth Judicial District, Madison County.*

ACTION to have a deed declared a mortgage, and for an accounting. Plaintiffs' motion for a new trial was denied by SHOWERS, J. Reversed.

Statement of the case by the justice delivering the opinion:

This action was brought by Bateman and wife, plaintiffs, against Raymond and wife, defendants, for the purpose of having a certain deed made by the Batemans to Winthrop

Raymond declared to be a mortgage, and for an accounting between the parties.

In about the month of July, 1887, the plaintiffs, being indebted to the defendant Raymond in the sum of eleven thousand five hundred and seventy-four dollars, made and delivered to Raymond a deed conveying a large quantity of real estate. That deed was absolute upon its face. Some time after making this deed defendant Raymond went into possession of the real estate, and remained in such possession until the commencement of this action.

The cause came on for trial before the district court, sitting with a jury, at the February term, 1894. Only one question was tried to the jury. That question was stated in a finding submitted, as follows: "Was the instrument executed on the twenty-ninth day of July, 1887, by plaintiffs to defendant Raymond, given as, and intended at the time to be, a mortgage to secure existing indebtedness of plaintiffs to defendant Raymond"?

This question the jury answered in the affirmative. Thereupon the court appointed a referee to take evidence upon the accounting between plaintiffs and defendants. The referee reported at the May term, 1894. The court considered the testimony reported by the referee, and also some further oral testimony, on the question of the accounting. Upon this report of the referee, and the evidence, the court made findings as to the accounting between the parties. The findings contained the account, as the court settled it, showing a balance due from Bateman to Raymond of thirteen thousand nine hundred and twenty-four dollars and forty-four cents.

Judgment was entered upon said account as follows: "That all the accounts between plaintiffs and defendants be declared settled, according to the judgment herein; that, upon the payment of said sum of thirteen thousand nine hundred and twenty-four dollars and fifty cents by the plaintiffs to the defendants, Winthrop Raymond and Ella Raymond, his wife, they shall accept the same and shall reconvey to the plaintiffs, by good and sufficient deed, the said lands described in the complaint, and the whole thereof, except those parcels sold by

the defendant as town lots; and that the costs of this accounting be divided equally between the parties."

A motion for a new trial was made by the plaintiffs upon this question of the decision upon the accounting. This motion was denied. From the order denying this motion and from the judgment upon the accounting the plaintiffs appeal to this court. The alleged errors upon which they rely are set forth, along with the discussion of the same, in the opinion below.

*Smith & Word, Samuel Word,* and *W. A. Clark,* for Appellants.

The defendant was in fact a mortgagee in possession. And a mortgagee in possession cannot claim payment for permanent improvements, unless such improvements were actually necessary to preserve the property intact. (*Russell* v. *Blake,* 2 Pick. 505; 10 Am. & Eng. Ency. of Law, 261; *Loundes* v. *Chisolm,* 2 McCord, 455; *McCarron* v. *Cassidy,* 18 Ark. 34; *Mickles* v. *Dillage,* 17 N. Y. 80; *Harper's Appeal,* 64 Pa. St. 315; *Hidden* v. *Jordon,* 28 Cal. 301; 2 Jones on Mortgages, § 1127; *Witt* v. *Trustees,* 55 Wis. 380; *Horn* v. *Indianapolis Nat. Bank,* 125 Ind. 381; *Silsbury* v. *McCoon,* 3 N. Y. 382.) Finding No. 13, allowing the respondent one hundred dollars per annum for superintending the ranch, is erroneous. He was in possession as a means of paying the debt due him, and was entitled to what he could make out of the property, and was only chargeable for the reasonable rental value of the farm. (3 Pomeroy's Equity Jurisprudence, § 1217; *Elmer* v. *Loper,* 25 N. J. Eq. 475; *Clark* v. *Smith,* 1 N. J. Eq. 121; *Benham* v. *Rowe,* 2 Cal. 387; *Van Buren* v. *Olmstead,* 5 Paige, 9; *Hanon* v. *Osborn,* 4 Paige, 344.) Finding No. 14 is erroneous, being both against the law and the evidence. One who acts with knowledge of another's rights in real estate, or who has means of knowing his own title and the claims or title of others in the land, is not permitted to claim compensation for permanent or any improvements, except such as are necessary to protect the property and keep it in repair. (*Green* v. *Biddle,* 8 Wheat. 1; *Jackson* v. *Loomis,* 4 Cow. 168; *White* v. *Moss,* 21 Cal. 34; *Patrick* v. *Marshal,* 2 Bibb. 40; *McKim* v. *Woody,*

1 Rand. 58; *Barlow* v. *Bell*, 1 A. K. Marsh. 246; *Harrison* v. *Fleming*, 7 B. Mon. 537; *Dawson* v. *Grow*, 1 S. E. Rep. 564; *Wood* v. *Krebs*, 33 Gratt. 685; 10 Am. & Eng. Ency. of Law, 251, and note.)

*Corbett & Wellcome*, and *Blake & Penwell*, for Respondents.

The mortgagee in possession shall be allowed for permanent improvements made by him under the *bona fide* but mistaken supposition that he was the absolute owner of the premises. (*McSorley* v. *Lorissa*, 100 Mass. 270; *Bright* v. *Boyd*, 1 Story, 478; *Harper's Appeal*, 64 Pa. St. 315; *Bernard* v. *Jennison*, 27 Mich. 230; *Green* v. *Westcott*, 12 Wis. 606; *Green* v. *Dixon*, 9 Wis. 532; *Macon* v. *Cottrell*, 12 Minn. 194; *Thomas* v. *Evans*, 106; N. Y. 612; *Wasatch Min. Co.* v. *Jennings*, 15 Pac. Rep. 65; *Minor* v. *Beekman*, 50 N. Y. 337; *Mickles* v. *Dillage*, 17 N. Y. 80; *Benedict* v. *Gilman*, 4 Paige, 58; *Putnam* v. *Ritchie*, 6 Paige, 390; *Troost* v. *Davis*, 21 Ind. 34; *Roberts* v. *Fleming*, 53 Ill. 196; *Montgomery* v. *Chadwick*, 7 Iowa, 114; 2 Jones on Mortgages, § 1128; 10 Am. & Eng. Ency. of Law, 261.)

DE WITT, J.—One of the specifications of error is that the court erred in the finding of the rental value of the farm during the time that the mortgagee Raymond was in possession. Upon this question, however, there was a substantial conflict in the testimony, and the finding will not be disturbed. (*Brownfield* v. *Bier, ante,* p. 406.)

The same is true in regard to the specification of error in regard to the wheat, bran, and shorts. There was a substantial conflict in the testimony as to whether this property was or was not included in a certain sale of personal property, described in the evidence.

The other errors assigned all depend upon the error of the court in finding No. 14. It is to be observed that the finding of the jury upon the question of mortgage *vel non* was that the instrument, which was a deed on its face, was given as, and was intended at the time to be, a mortgage to secure indebtedness from plaintiffs to defendants. This finding is not attacked. It is a fact in the case. Indeed plaintiffs cannot attack it, if they wish to sustain their case. It established

their contention. Defendants do not attack it. Therefore, it is now true and undisputed, not only that the instrument was a mortgage, but that it was given as a mortgage, and intended by the parties as a mortgage. Defendant Raymond was one of the parties. It was therefore intended by him to be a mortgage. In the face of this unattacked finding and fact, the court, when the matter of the accounting comes before it, makes the following finding:

"That the defendant Raymond had reason for believing himself possessed of an absolute estate in the land, and did believe that he was the owner of the property, and, acting under the belief, and in good faith, made certain beneficial repairs and improvements upon the property, to the extent and value of the sum of four thousand four hundred and twenty-two dollars and twenty-one cents; that the improvements consisted of repairs and improvements on dwelling and tenement houses, store-building, barn and outhouses, seeding portions of the land to tame grasses, planting fruit trees, building new fences, constructing fences and cleaning and grubbing land, and cutting willows, and other necessary repairs and improvements incident to the economical and beneficial use of the property, and increased the value thereof, and that the expenses of the same were reasonable." (Finding No. 14.)

Upon this finding of the court that Raymond had reason for believing himself possessed of the absolute estate in the land, and not that he was simply a mortgagee, the court, upon the accounting, allowed him several items which he had expended upon the premises. But this finding No. 14 cannot be sustained. It is simply impossible that Raymond accepted this deed as a mortgage, and intended it to be so, and also that he believed that he had an absolute estate in the land.

We are not called upon to review the finding of the jury that the instrument was a mortgage. Starting with, and keeping to, that fact in the case the contradictory finding that Raymond believed that it was a deed cannot be sustained, and must be set aside.

This case is not like the one of *Johnson* v. *Bielenberg*, 14 Mont. 506, for in that case there were two contradictory findings, both of which were attacked, and we said that it was not

for us to determine which finding was true.  But in the case at bar the one finding, the first one, that the instrument was a mortgage, is not attacked, and is accepted by all parties as true. But the contradictory finding is attacked.  Therefore, the situation of the case is this: That it is the fact, as everybody agrees, that the instrument was a mortgage, and intended by the parties to be such.  And with this fact undisturbed and unattacked, the court finds that one party believed it was not a mortgage.  We see no other course in this case but to set aside the finding No. 14.  From this finding other errors flowed.

In pursuance to the finding No. 14 the court also found that the defendant Raymond, who was a mortgagee in possession, was entitled to a credit of one hundred and eighty-eight dollars for surveying and platting a townsite, which was part of the premises included in the mortgage.  This was finding No. 10.

In finding No. 13 the court also allowed said Raymond a credit of one hundred dollars per annum for superintending the property during the time in which he was in possession.

In the accounting which the court made upon the report of the referee it also gave said Raymond credit for a large number of other expenditures "incident to the convenient and profitable use of the property."  (Finding No. 14.)

But a mortgagee in possession is entitled to credit for expenditure made by him for the necessary preservation and protection of the property.  (2 Jones on Mortgages, § 1127, and cases there cited; 10 Am. & Eng. Ency. of Law, 261, and cases there cited.)

But, in this case, the lower court, upon the accounting, was not proceeding upon the theory that Raymond was simply a mortgagee in possession, but, upon the other hand, upon the theory that he was in possession in the *bona fide* belief that he was the owner in fee.  Therefore, the items allowed to Raymond as credits were allowed upon a false and wrong theory as to Raymond's possession.

Respondents cite authorities to the effect that a person in possession of real estate, in the honest belief that he is the owner in fee, in making improvements and expenditures upon

the premises, stands in a different position than a mortgagee in possession.    It was on the theory that Raymond was a person honestly believing that he owned the fee that the court below proceeded.    This was by reason of the court's error in finding No. 14.    But we cannot see how we can strike out any items, or modify the judgment so as to affirm it as modified.

We are of opinion that the case must go back to the district court, and that court must place itself upon the right ground for a determination of what items should be allowed.    The court must ascertain what items of expense were necessary for the protection and preservation of the estate by a mortgagee in possession.    The court below has never made findings upon this correct theory.

The judgment of the district court is therefore reversed, and the case is remanded with the following directions: The court will set aside finding No. 10 allowing the credit of one hundred and eighty-eight dollars for surveying, and finding No. 13 allowing one hundred dollars per annum for superintending the property, and also finding No. 14.    The court will then find from the testimony already before it, and from any other testimony which it finds it necessary to take, whether said sum of one hundred and eighty-eight dollars for surveying, and said sum of one hundred dollars per annum for superintending, the property, and all other items of expenditure upon the estate, set forth in the account, were necessary for the protection and preservation of the estate by a mortgagee in possession, and will allow all of such items as a credit to the defendants, and will disallow all such items of expenditure upon the estate which were not so necessary for such protection and preservation.    (*Johnson* v. *Bielenberg, supra.*)

Having found these facts the court will then enter judgment for the balance, as it may appear from the finding and the account.

The findings in all respects, except as herein set forth, are undisturbed.

The costs of this appeal will be taxed against the respondents.

*Reversed.*

HUNT, J., concurs.