# Commonwealth of Pennsylvania, Borough of Sewickley, v. Daniel Challis, Appellant.

*Boroughs—Sidewalks—Obstruction—Police power.*

There is no doubt as to the police power of a borough to pass an ordinance to prevent obstructions of the sidewalk by persons "idly standing, loafing or congregating thereupon," and to provide for summary punishment therefor before a justice of the peace.

*Record of justice—Certiorari—Technical defects not sought for by appellate courts.*

The appellate court is not disposed to criticise the records of justices of the peace with hypercritical nicety in order to discover technical defects upon which to defeat their judgments. Where it appears in substance that the justice had jurisdiction of the cause of action and of the parties, their judgments will be sustained regardless of technical form in the proceedings.

Argued April 25, 1898.    Appeal, No. 164, April T., 1898, by defendant, from judgment of Q. S. Allegheny Co., June Sess., 1897, No. 45, affirming judgment of justice of the peace. Before RICE, P. J., WICKHAM, REEDER, ORLADY, SMITH and PORTER, JJ.    Affirmed.

Appeal from judgment of justice of the peace. Before FRAZER, J.

It appears from the record and evidence that the defendant was arrested on August 13, 1897, on information of a police officer of the borough of Sewickley, under an ordinance of said borough, on the charge that defendant "did loaf, idly stand, and obstruct a public street and sidewalk of said borough; and having been requested and ordered by affiant, a borough policeman, to move on, defendant refused so to do." Upon hearing before a justice of the peace on August 17, the defendant was adjudged guilty, and that he forfeit and pay the sum of $3.00 and costs of suit.    Defendant appealed.

*Error assigned* was in dismissing appeal and affirming the judgment.

*L. K. Porter*, with him *S. G. Porter*, for appellant.—The judgment should be reversed because the offense charged in

the information was not laid within the time fixed by the statute of limitations. No time is stated, and the offense not being laid within the time prescribed by the statute, no final judgment could be entered thereon. It is not alleged the street obstructed was a street of the borough with certainty: City v. Hughes, 4 Phila. 148.

The ordinance violates art. 3, sec. 3, of the constitution of Pennsylvania.

The title to the ordinance is as follows: "An ordinance to prevent the obstruction of streets and sidewalks." The title does not clearly express the contents of the ordinance, and especially that portion of the ordinance which makes it an offense.

Two offenses are set out in the ordinance, one for obstructing the streets and the other for refusing to move on.

The ordinance is also subject to the objection that it is without express legislative authority and is not authorized by the express language of the borough law of 1851, nor by any other act of assembly: Millerstown Borough v. Bell, 123 Pa. 151.

A borough ordinance must be reasonable and for the common benefit: Millerstown Borough v. Bell, 123 Pa. 151; Williamsport v. Com., 84 Pa. 487.

An ordinance unless plainly warranted by legislation, must not contravene common right: Dillon on Municipal Corporations, 253; St. Louis v. Weber, 140 Mo. 515.

*Chas. A. Woods*, for appellees.—Two acts of assembly, namely April 15, 1835, sec. 7, P. L. 292, and April 5, 1849, sec. 7, P. L. 409, conferred upon aldermen and justices of the peace of every city, borough, etc., power to hear and determine all actions of debt for penalty for the breach of any ordinance, by-law or regulation, of such city, township, borough or town, in the same manner and subject to the same rights of appeal as debts under $100: McGuire v. Shenandoah, 109 Pa. 613.

It is not necessary that the title should be a complete index of its contents: Com. v. Green, 58 Pa. 226; Yeager v. Weaver, 64 Pa. 425; Allegheny County Home's Appeal, 77 Pa. 77.

Corporations have power at common law to make by-laws for the general good: Northern Liberties v. Gas Co., 12 Pa. 318.

Corner lounging on streets, an infamous habit, may probably

be prohibited by an ordinance of the borough: Trickett on Borough Law of Penna. 200 ; Com. v. Lynch, 6 C. C. R. 536.

Loungers who occupy the public highways are obstructers of the public right of way and nuisances: Norristown v. Moyer, 67 Pa. 355.

Footways are under municipal control: Livingston v. Wolf, 136 Pa. 519.

OPINION BY SMITH, J., July 29, 1898:

The defendant was convicted and fined by a justice of the peace, for obstructing the sidewalk of a public street in the borough of Sewickley, in violation of an ordinance of that borough. On examination of the ordinance we find it is entirely sufficient in form and in substance to serve its purpose. It deals with but one offense—the obstruction of streets and sidewalks by persons " idly standing, loafing or congregating thereupon,"—and prescribes a penalty for persistence therein after request to move on. There is no doubt of the power of the borough to adopt and · enforce its provisions. The defendant appealed from the summary conviction to the court of quarter sessions. The record of the proceedings and the sufficiency of the testimony were thereupon examined by that court, the judgment of the justice affirmed, and the appeal dismissed. A re-examination of the record satisfies us that the conviction was properly sustained. We are not disposed to scrutinize the records of justices of the peace with hypercritical nicety in order to discover technical defects upon which to defeat their judgments. Where it appears, in substance, that the justice had jurisdiction of the cause of action and of the parties, their judgments will be sustained regardless of the want of technical form in the proceedings.

The evil aimed at by the ordinance in this case is a common nuisance to the citizens who are obliged to pass and repass where idlers and loungers congregate and obstruct the public sidewalks. The right of the public on the highways is limited to the right of passage with such stoppage as business or necessity may require. All lounging or other obstructions thereof may be abated and the offenders in this respect punished summarily for their contumacy. ".The public possess, in a public highway, the right of transit and of transit only. The use by

every citizen of public ways must be a use appropriate to the purposes for which they are intended: that is, of transit; with such stoppages as business necessity, accident, or the exigencies of travel, either in vehicles or on foot, may require. . . . It is upon this general principle that the infamous habit of corner lounging, when not prohibited by special local legislation, is illegal. The loungers who occupy the public highway are, while lounging, not using it for the purposes of passage, and are therefore obstructions of the public right of way—that is, nuisances:" Norristown v. Moyer, 67 Pa. 355. "The streets are public highways, designed for the use of the public in passing and repassing, and in such temporary occupancy as are incidental to the exercise of these rights, or necessarily connected with them:" Barker v. Com., 19 Pa. 412. The sidewalks and the carriageways, are under municipal control, and in the use of them the authorities may determine what is best calculated to promote the security, the comfort, and the convenience of the inhabitants: Livingston v. Wolf, 136 Pa. 519 ; MacDevitt v. Gas Co., 160 Pa. 367.

Judgment is affirmed.