EBAUGH, APPELLANT, *v.* BURNS ET AL., RESPONDENTS.

(No. 4,892.)

(Submitted September 28, 1922.   Decided November 4, 1922.)

[210 Pac. 892.]

*New   Trial—Newly   Discovered   Evidence—Contracts—Rescission—Equity—Jury Trial—Special Interrogatories—General Verdict.*

New Trial—Grounds—Granting Motion on One Ground Excludes Other Grounds.
1.   Where a new trial was asked for on several grounds, among them newly discovered evidence, in support of the latter of which affidavits had been filed, and the order granting it recited that the motion "came on for hearing upon the affidavits filed by the respective parties," *etc.,* the order *held* to have been based upon the ground of newly discovered evidence alone, excluding the other grounds specified.

Same—Newly Discovered Evidence—Absent Witness—Absence of Motion for Continuance—Effect.
2.   Where respondent knew of the testimony an absent witness would give, and should have known that his whereabouts were unknown but did not ask for a continuance, he was in no position to urge his evidence as newly discovered.

Same—Newly Discovered Evidence—When Cumulative.
3.   Where defendant himself had testified to a conversation had between himself and plaintiff with respect to the matter in controversy in an action for rescission of contract, evidence on the same subject which would be given by a witness who was absent at the trial, if a new trial were granted, was cumulative and therefore did not warrant the granting of the motion.

Same—Newly Discovered Evidence—Lack of Diligence.
4.   Where a witness was present at the trial but was not asked as to certain evidence within his knowledge because he had inadvertently stated to counsel for movant for a new trial asked for on account of newly discovered evidence, that he knew nothing pertinent to the matter in issue, lack of diligence was apparent, precluding the granting of the motion.

Same—Newly Discovered Evidence—Failure of Attorney to Testify—Insufficient Showing.
5.   Failure of respondent's attorney, who had drawn the contract sought to be rescinded, to testify at the trial under the impression that he would be precluded by the court under its rules from arguing the case if he should testify as a witness, was insufficient to warrant a new trial for newly discovered evidence in the absence of a request by him that the court suspend the rule or any explanation to it touching the matter.

---

3.   Cumulative evidence as ground for new trial in civil cases, see notes in **Ann. Cas.** 1913D, 157; **L. R. A.** 1916C, 1162.

[65 Mont. 15.]

Same—Order Granted on Wrong Ground—Correct Conclusion—Appeal.
  6.   Where a new trial was properly granted on one of the grounds
  stated in the motion but not upon the one specified by the court, the
  order granting it will not be disturbed on appeal, since a wrong
  reason for a correct conclusion will not invalidate it.

Equity—Conflict in Evidence—Finding Conclusive.
  7.   In an equity case where the evidence is in sharp conflict, the find-
  ing of the trial court is conclusive on appeal.

Same—Jury Trial—Special Interrogatories—General Verdict Improper.
  8.   Where an equity case is tried with a jury, special findings of fact
  based upon proper interrogatories should, and a general verdict should
  not, be submitted to them.

*Appeal from District Court, Jefferson County; Joseph C. Smith, Judge.*

ACTION by Joseph H. Ebaugh against Robert E. Burns and another. Judgment for plaintiff, and from an order granting defendants' motion for a new trial, the plaintiff appeals. Reversed and remanded.

*Messrs. Canning & Geagan,* for Appellant, submitted a brief; *Mr. P. E. Geagan* argued the cause orally.

*Mr. Ike E. O. Pace* and *Mr. Montgomery H. Parker, for* Respondents, submitted a brief and argued the cause orally.

MR. CHIEF COMMISSIONER LEIPER prepared the opinion for the court.

Plaintiff (appellant herein) appealed from an order of the trial court granting defendants' (respondents herein) motion for a new trial. The action is prosecuted against defendant Robert E. Burns only, and is for the rescission of a contract for the purchase of land and also for the recovery of that part of the purchase price paid under the contract, as well as for the recovery of certain moneys expended in making improvements on the land included within the contract.

The cause was submitted to a jury, which found generally for plaintiff. Special interrogatories were also submitted to and answered by the jury. The trial court thereupon gave to the respective counsel sixty days in which to serve and file

[65 Mont. 15.]

their requests for special findings. Thereafter the court made its findings of fact and drew therefrom its conclusions of law, finding in substance that the plaintiff is entitled to a rescission of the contract in question and a recovery of the sum of $3,000, that being the amount of the payments made under the said contract, and further finding that the plaintiff is not entitled to a recovery on account of moneys expended for improvements made on the land in question. Judgment was entered accordingly for the plaintiff. The defendant duly filed his motion for a new trial upon the grounds following: "(1) Accident and surprise which ordinary prudence could not have guarded against; (2) excessive damages appearing to have been given under the influence of passion or prejudice; (3) newly discovered evidence material to the defendants which they could not with reasonable diligence have discovered and produced at the trial; (4) insufficiency of the evidence to justify the findings of fact and conclusions of law thereof, and that the findings of fact and conclusions of law thereon are against law; (5) errors in law occurring at the trial, and excepted to by the defendants."

The third ground of the motion for a new trial is supported by the affidavit of the defendant and by the affidavits of four other persons whose evidence it is claimed is newly discovered. On January 17, 1921, the trial court granted the motion for a new trial. Plaintiff insists that the order granting the motion is based solely upon the third paragraph contained in the motion, namely, that of newly discovered evidence. Further, it is plaintiff's contention that the matter contained in the affidavits filed in support of this ground of the motion is wholly insufficient, and that therefore the court erred in granting the motion for a new trial. On the other hand, defendant's counsel contend that the order granting the motion for a new trial is general, that it is based upon all of the grounds set forth in the motion for a new trial, and particularly upon the ground of the insufficiency of the evidence, and that the motion was properly granted.

The order granting the new trial is as follows:

"Be it remembered that the defendants herein duly filed their motion for a new trial, and that the same came on for hearing and argument on November 10, 1920, *upon the affidavits filed by the respective parties;* whereupon the court took said matter under advisement, and now, the court being fully advised and all and singular the law, and the premises being by the court fully understood and considered:

"It is ordered that the motion of defendants for a new trial herein be, and the same is, granted, that the verdict and the judgment heretofore made and rendered herein be vacated and set aside, and that said cause be tried anew.

"Done and dated in chambers at Dillon, Mont., this January 17, 1921.

"JOSEPH C. SMITH, Judge."

The proceedings had in this cause prior to the making of the above order shed some light upon the purpose of the trial court in using the particular language employed in the order. An examination of the record herein discloses that on the day upon which the jury returned its special findings the court made an order as follows: "In this cause both parties are given a period of sixty days within which to prepare and file with the court requests for the adoption or rejection of the findings of facts and the adoption or rejection of the general verdict and for the filing of such briefs as they may desire in support of their requests, and that each party shall serve upon the opposite party a copy of their requests and briefs, and that, if either party upon receiving the requests and brief of the opposite party desires to file a counter brief, he shall have ten days after said time of service within which to reply, and that, upon filing of such requests for findings, such briefs, and reply briefs as may be filed, the matter be thereupon taken under advisement by the court for determination." This order was made on February 13, 1919. Some of the findings of the jury were favorable to plaintiff, and a part thereof were in defendant's favor. A part of the findings were in conflict

with other parts thereof.  On April 16, 1919, plaintiff filed herein a motion requesting the court to adopt those findings of the jury which were favorable to plaintiff, and also requesting that the court reject the findings which were unfavorable to him, and further setting forth certain findings which the court was requested to make.  In this document the plaintiff sets forth reasons for the rejection of certain findings made by the jury, and which were unfavorable to him.  The record further discloses that on September 8, 1919, the defendant filed herein a motion denominated a "motion to adopt and reject the findings of fact, and to enter judgment for the defendants."  Therein the defendant moved the court to adopt such findings of the jury as were favorable to him and to reject the findings which were unfavorable to him, and to make certain other findings favorable to the defendant, which were contained in this document.  The defendant therein sets forth in detail his reasons for requesting that certain findings made by the jury should be rejected, and among these reasons appears that of the insufficiency of the evidence.  And it is further disclosed by the record that on February 2, 1920, the court made its findings of fact in favor of the plaintiff, drew therefrom its conclusions of law, and on the same date entered judgment in accordance therewith.  In the introduction to the findings of fact so made there appears the following: "And time being requested for the filing of motions to adopt and to reject the verdict and findings of the jury, and for the filing of briefs, and now said requests for adoption and rejection of said findings of the jury and said verdict and the briefs of counsel herein having all been filed and submitted to the court, and the court, having had the matter under consideration, and being fully advised as to the law and premises, makes and files the following findings of fact and conclusions of law herein."

It will be observed that the trial court, having before it [1] the briefs of the respective counsel, the request for findings, and the argument touching the sufficiency of the

evidence, made its findings for plaintiff, as above noted. Motion for a new trial was filed on February 11, 1920, and the order granting the motion followed. The language of the order itself, to-wit, ''Be it remembered that the defendants herein duly filed their motion for a new trial, and that the same came on for hearing and argument on November 10, 1922, *upon the affidavits filed by the respective parties,''* is plain, unequivocal, and, if there were any doubt as to its meaning, all such is removed by a consideration of the incidents which preceded the making of the order. We are of the opinion that the order granting the motion for a new trial is based upon the ground of newly discovered evidence, and that it excludes the ground of the insufficiency of the evidence. It is the rule in this jurisdiction that new trials on the ground of newly discovered evidence are not favored by the court, and an application for a new trial upon this ground must be brought within certain well-defined rules, or must fail. This court, speaking through Mr. Chief Justice Brantly, reviewed these rules, together with the reasons therefor, in the case of *State* v. *Matkins,* reported in 45 Mont. at page 58, 121 Pac. 881, as follows: ''Applications for new trials on the ground of newly discovered evidence are not favored by the courts. The reason is that the moving party has already had a hearing after ample opportunity to prepare his case, and that, while smarting under defeat and disappointment, he is under strong temptation to manufacture a plausible showing in support of his motion. He may be entirely willing to take the chances of a new trial, but unwilling or afraid to swear to a statement necessary to procure it. It is often the case that the sense of loss arouses him to the diligent activity which he should have put forth before the trial. By importunity he then interests his friends, and through them brings to his support evidence which, if not false, is only cumulative or impeaching in character, and the efficacy of which to produce a different result is speculative and dependent entirely upon the personal characteristics

[65 Mont. 15.]

of another jury. The courts have therefore formulated rules within which they hold the particular application must be brought, or it will not avail. They are enumerated in *Berry* v. *State*, 10 Ga. 511, substantially as follows: (1) That the evidence must have come to the knowledge of the applicant since the trial; (2) that it was not through want of diligence that it was not discovered earlier; (3) that it is so material that it would probably produce a different result upon another trial; (4) that it is not cumulative merely—that is, does not speak as to facts in relation to which there was evidence at the trial; (5) that the application must be supported by the affidavit of the witness whose evidence is alleged to have been newly discovered, or its absence accounted for; and (6) that the evidence must not be such as will only tend to impeach the character or credit of a witness." These rules have been uniformly followed by this court. (*Caruthers* v. *Pemberton*, 1 Mont. 111; *Kleinschmidt* v. *Dunphy*, 1 Mont. 118; *Morse* v. *Swan*, 2 Mont. 306; *Garfield M. & M. Co.* v. *Hammer*, 6 Mont. 53, 8 Pac. 153; *Territory* v. *Clayton*, 8 Mont. 1, 19 Pac. 293; *Territory* v. *Bryson*, 9 Mont. 32, 22 Pac. 147; *Leyson* v. *Davis*, 17 Mont. 220, 31 L. R. A. 429, 42 Pac. 775; *State* v. *Gay*, 18 Mont. 51, 44 Pac. 411; *Holland* v. *Huston*, 20 Mont. 84, 49 Pac. 390; *Baxter* v. *Hamilton*, 20 Mont. 327, 51 Pac. 265; *State* v. *Brooks*, 23 Mont. 146, 57 Pac. 1038; *Elliott* v. *Martin*, 27 Mont. 519, 71 Pac. 756; *In re Colbert's Estate*, 31 Mont. 461, 107 Am. St. Rep. 439, 3 Ann. Cas. 952, 78 Pac. 971, 80 Pac. 248; *State* v. *Wakely*, 43 Mont. 427, 117 Pac. 95.)

The names of the four witnesses whose testimony is claimed [2, 3] to be newly discovered are Claude Marco, Jesse Black, Lee Baumgarner and Ike E. O. Pace. The affidavit of the defendant, as well as that of the proposed witness Marco, discloses that Marco was present and overheard certain conversations between the defendant and the plaintiff in relation to the matters in controversy herein. But obviously this is not newly discovered evidence, for the defendant knew, or

by the exercise of any diligence whatever should have known, of this testimony prior to the former trial. However, this is sought to be excused in defendant's affidavit by the statement that the witness at the time of the former trial was absent and in the service of the army of the United States, and his whereabouts was then unknown. If the defendant had desired this testimony at the trial, or, if he then attached to the evidence of this witness as much importance as is now attributed to it, it was his duty to have called that matter to the attention of the trial court by an application for a continuance of the cause, but this was not done. Further, the record discloses that the defendant testified concerning these very conversations, and therefore the evidence of the proposed witness is cumulative.

The affidavit of the defendant, as well as that of the proposed witness Jesse Black, sets forth that Jesse Black would, upon a new trial, testify that he was present at and overheard a conversation between the plaintiff and one T. T. Black. But the record discloses that T. T. Black was present at the trial and testified to this identical conversation, so that this evidence is also cumulative. And it further appears [4] from the affidavit of the defendant that the proposed witness Baumgarner was present and heard the same conversation had with T. T. Black, and that the proposed witness Baumgarner was present at the trial as a witness for the defendant and did not testify, this being excused by the statement that witness Baumgarner inadvertently stated to counsel that he knew nothing pertinent to the matters in issue.

The reason for the rule that new trials upon the ground of newly discovered evidence are not favored by the courts is particularly applicable to this application for a new trial. By the exercise of the same diligence prior to, or at the time of, the trial, as has been manifested since the trial, the information now had from the witness Baumgarner could have been obtained prior to, and made use of at, the former trial.

[65 Mont. 15.]

It appears not only from the affidavit of the defendant [5] and from the affidavit of Ike E. O. Pace, but from the record of the trial as well, that Mr. Pace acted as the attorney for the defendant in the trial of the case below; that he drew the contract between the plaintiff and the defendant, which is involved in this action, and which it is now sought to rescind; and that Mr. Pace knew many facts material to the issues herein, but obviously all of this was known long before the trial of this cause. However, the failure of Mr. Pace to testify is attributed to the fact that he appeared alone as counsel, and that under a rule of court he might have been precluded from arguing the case to the jury, had he testified as a witness. But the record fails to disclose that defendant's counsel requested the court to suspend the rule in question, or that any explanation whatsoever was made to the trial court in relation to any of this matter. The testimony which it is proposed to produce by the witness Mr. Pace is indeed very far removed from newly discovered evidence, and is, in part, cumulative.

We are of the opinion that the application is not sufficient to support the motion on the ground of newly discovered evidence. The trial court, in basing the order for a new trial solely upon the ground of newly discovered evidence, excluded the ground of the insufficiency of the evidence. The order made was tantamount to a denial of the motion for a new trial upon all of the grounds stated in the motion except [6] that mentioned in the order. If, however, the motion for a new trial should have been granted, but upon some other ground than that mentioned in the order granting it, then this court will not disturb the order granting the motion.

This court in the case of *Menard* v. *M. C. Ry. Co.*, reported in 22 Mont. 340, 56 Pac. 592, gives expression to this rule, together with the reasons for the rule as follows: ''The true rule, with the reasons underlying it, may, we think, be thus stated: The losing party has a right to ask for a new trial upon any one or more of the grounds recognized by the statute; it is

the duty of the court to grant a new trial whenever it shall appear that statutory grounds exist therefor; the statement or bill of exceptions resembles, in its nature, a complaint, and this is attacked by the specifications very much as the complaint is assailed by a demurrer. If, for example, the demurrer be for insufficiency, for defect of necessary parties, and for want of jurisdiction over the subject matter, and the court sustains it upon the single ground that there is a defect of parties, and judgment is, thereupon entered for defendant, whereas the complaint is bad for either or both of the other reasons, but is not obnoxious to the objection upon which the court based its decisions, this court would nevertheless affirm the judgment.

"A wrong reason for a decision does not invalidate it. The result may be right, though the reason given for making it be wrong. So with the order granting a new trial. * * * If in the order granting a new trial the district court explicitly excludes the ground that an abuse of discretion has been committed, or that the evidence is insufficient, and the record fails to establish affirmatively a clear abuse to the moving party's prejudice in the one case, or shows a substantial conflict in the other, then this court should not affirm the order, unless it may be justified on other grounds. Where there are several specifications in support of an application for a new trial, and among these is included an alleged abuse of discretion, or the insufficiency of the evidence, or both, and in granting the motion the court expressly excludes the particular ground or grounds just mentioned, this court will not consider it or them, unless it appear that the duty was incumbent upon the district court to grant a new trial therefor. * * * (*Kauffman* v. *Maier*, 94 Cal. 269, 29 Pac. 481.")

There is a sharp conflict in the testimony, and we cannot [7] say that the trial court abused its discretion in this regard. (*Bateman* v. *Raymond*, 15 Mont. 439, 39 Pac. 520; *McIntyre* v. *McCabe*, 19 Mont. 333, 48 Pac. 390.) This is an

[8] equity case. A jury having been called to assist the court, in an advisory capacity, upon disputed questions of fact, it should have been required to make special findings of fact, based upon proper interrogatories submitted to them, and a general verdict should not have been submitted to the jury. (*Wilcox* v. *Schissler,* 55 Mont. 246, 175 Pac. 889; *Bordeaux* v. *Bordeaux,* 43 Mont. 102, 115 Pac. 25; *Lenahan* v. *Casey,* 46 Mont. 367, 128 Pac. 601; *Moss* v. *Goodhart,* 47 Mont. 257, 131 Pac. 1071.) After a careful examination of the whole record, we are of the opinion that the court below should have denied the motion for a new trial.

We therefore recommend that the order appealed from be reversed and the cause remanded, with directions to the district court to reinstate the judgment originally entered herein.

PER CURIAM: For the reasons given in the foregoing opinion, the order appealed from is reversed and the cause is remanded to the district court, with directions to reinstate the judgment originally entered therein.

*Reversed and remanded.*