## Commonwealth v. Battistella

Before Weiss, Keim and Sculco, JJ.

*Richard McCormick*, for Commonwealth.

*Smith, Best & Horn*, for defendant.

WEISS, J., June 1, 1964.—On January 20, 1964, upon petition of defendant, a writ of certiorari was issued by this court directed to Albert G. Diehl, Sr., Justice of the Peace of Hempfield Township, Westmoreland County, Pa. The writ required the said justice to forward to this court the record of the proceedings before him in this case. Justice Diehl, in response to the writ, has forwarded to the court for its review the information, the transcript of the docket and all pertinent notations in his file. The entire record is now before us.

On December 7, 1963, an information was lodged against defendant before Justice Diehl charging him with a violation of section 1002(b)(6) of art. X of The Vehicle Code of April 29, 1959, P. L. 58, as amended. On January 11, 1964, at a hearing before the justice, defendant was found guilty of the charge and under protest paid the fine and costs in the amount of $15.

Counsel for defendant has filed a statement of six exceptions to the record submitted by Justice Diehl, assigning various alleged deficiencies. Exception (d)

bears serious consideration in that it alleges the transcript failed to set forth any of the testimony taken before the justice, including that upon which the conviction rests. The language contained in the transcript pertaining to the hearing is as follows:

"And now, January 11th, 1964, defendant appearing for hearing, before entering into a hearing, the citation of arrest was read to the defendant, the defendant plead not guilty to said charge, And now January 11th, 1964, after entering into a full hearing and investigation of the facts, and on testimony of the arresting officer Tpr. William K. Carter a member of Penna. State Police on information received from Tpr. John J. Redigan and on testimony of said officer and operator of Radar Speed meter Serial #5122 who presented a certificate showing that said Radar speed meter had been tested and found to be accurate on December 3rd, 1963, And now January 11th, 1964 I Albert G. Diehl Sr. Justice of Peace Home and office located at 446 Lincoln Way West Jeannette Westmoreland County, Penna. am satisfied that the prosecution is reasonably well founded. The defendant was found guilty of said charge and was assessed at $10.00 fine and costs, total $15.00 upon the request of the defendants attorney the defendant paid said fine and costs."

This exception raises the question as to whether or not a justice of the peace is required, in a summary conviction under The Vehicle Code, to include in the transcript the testimony upon which the judgment of conviction rests.

In Commonwealth v. Wagner, 16 D. & C. 2d 162, at page 171, the court stated:

"It is a maxim of the law, almost as old as the common law and with considerable common sense, that summary proceedings being in derogation of the common law, since it deprives defendant of the right of trial by jury, and being authorized only under the

police power of the legislature by statute, must be full, complete and accurate. The record thereof must not only affirmatively show the jurisdiction of the justice but it must also be so full, complete, regular and accurate on its face that a conviction thereunder could be pleaded autrefois convict in bar to another prosecution for the same offense: Commonwealth v. Lindsay, 22 Erie 145."

Numerous cases have dealt with the specific minimum requirements to be placed in the record. See for example, Commonwealth v. Lewis, 10 D. & C. 459; Gorman v. Stewart, 21 Dist. R. 1138; Commonwealth v. Wagner, 16 D. & C. 2d 162 (1957). These cases uniformly require that a statement be made of the evidence which appeared on behalf of the Commonwealth against the accused. In Commonwealth v. Goldstein, 44 Westmoreland 5 (1963), this court ruled on the same question. This court there held that the failure of the transcript of a justice of the peace in a summary conviction under The Vehicle Code to state the testimony of the Commonwealth's witnesses against defendant constitutes a fatally defective record of conviction. This transcript cannot be considered to contain sufficient detail to apprise the accused of the evidence which has been presented against him. Under the cases cited above, we are bound to find that the record in this case is fatally defective on its face. Excepttion (d) is alone sufficient and, hence, renders unnecessary discussion of the other exceptions to the transcript and record.

We recognize and apply the principal of leniency when we examine the records of the minor judiciary in accordance with the principle established in Commonwealth v. Challis, 8 Pa. Superior Ct. 130, 132. The records of a justice of the peace are not viewed with 'hypercritical nicety to discover technical defects", but, nevertheless, when the transcript is meager, vague and

incomplete, the matter is no longer technical but becomes substantive: Commonwealth v. Wagner, 16 D. & C. 2d 162 (1957); Commonwealth v. Goldstein, 46 Westmoreland 5 (1963).

### Order

And now, June 1, 1964, after due and careful consideration, it is ordered, adjudged and decreed that defendant's exceptions to the record are sustained. The judgment of conviction of the justice of the peace is hereby reversed and set aside; said justice is hereby directed to return to defendant the fine and costs collected in this case. It is further ordered that the costs of this proceeding be borne by the County of Westmoreland.