## Commonwealth v. Boyd

*James B. Pannebaker, Assistant District Attorney,* for plaintiff.

*Harry B. Roth,* for defendant.

KREIDER, P. J., June 21, 1968.—Defendant, Bobby L. Boyd, was tried before a justice of the peace in the Borough of Middletown, Dauphin County, and was found guilty of reckless driving under section 1001(1) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1001(1), which provides:

"Reckless driving is unlawful, and for the purpose of this act, is construed to include the following:

"(1) Any person who drives any vehicle or street-car or trackless trolley omnibus upon a highway care-

lessly disregarding the rights of safety of others, or in a manner so as to endanger any person or property".

After the transcript of the justice of the peace was brought up to this court on certiorari, various exceptions thereto were duly filed. Paragraph 6 of the transcript states:

"The charge against defendant is that he recklessly drove a motor vehicle on Route 230, West Main Street, Middletown, Penna. 17057 at the time when car driven by Robert Sheaffer, 97 Wayne Ave., Middletown, Penna. did enter the Route 230 at the Intersection of Main & Nissley Sts., Motor vehicle driven by the defendant did hit and damage the car driven by Robert Sheaffer, of 97 Wayne Ave., Middletown, Penna. extensively. Car driven by Sheaffer was damaged on the front left side, car driven by defendant was extensively damaged in the Front end".

The pivotal question for decision in this case is raised by defendant's second exception. Therein he alleges that the magistrate's record is fatally defective because "the transcript of the record fails to give a statement of the testimony of the witnesses against the defendant. The record states only that they testified but is blank as to what their testimony consisted of".

Paragraph 9 of the justice's transcript is as follows:

"The following parties and witnesses were sworn Steve Mrahovich, Robert Sheaffer, Bobby L. Boyd, Edwin L. Gurr."

Unfortunately, there is no reference to the substance of their testimony.

Paragraph 11 states:

"After hearing held, it was determined that the evidence and testimony warranted holding the defendant for court and bail was set in $ . . . . . None set as Appeal will be taken".

Paragraph 15 sets forth:

"On————— 19—, the undersigned rendered the following decision: Found guilty as charged turned over for appeal by defendant's council.

WILLIAM C. FRITZ
Justice of the Peace"

The Commonwealth contends that the record is sufficient. It argues that "The transcript is quite detailed and complete stating in paragraph 6 the exact nature of the charge against the defendant and also indicates in paragraph 9 that the person from whom the police officer received his information and the defendant plus additional witnesses were all sworn and heard by the Court. . . ."

We think the record of the justice of the peace is fatally defective because it does not contain the substance of the testimony of the witnesses. In fact, the record makes no mention of any testimony. Consequently, defendant's exception in this regard must be sustained. In the frequently cited case of Commonwealth v. Borden, 61 Pa. 272 (1869), the Supreme Court of Pennsylvania, speaking through the renowned Justice Agnew, said:

". . . The next objection is that the evidence was not recorded and returned with the writ of certiorari, for examination and review by the court. On this point the English cases observe great strictness; and in our own we have never held that less than the essential parts or particular substance of the whole testimony should be set forth".

In Commonwealth v. Kuzma, 37 Erie 325 (1953) Judge Laub stated at page 332:

"*Certiorari* to Common Pleas is a narrow certiorari which confines our inquiry to the regularity of the proceedings and the jurisdiction of the magistrate. We do not, as the appellate courts do, consider the proceedings as on a broad *certiorari* touching evidentiary matters.

As pointed out by Judge Knight in Commonwealth v. Robinson, 65 Mont. 19, a justice's court is not a court of record and there is no obligation on the part of the justice to make a complete record of the testimony heard by him. There is an undoubted duty, however, to summarize important facts for the benefit of whatever superior court reviews the record, for otherwise there could be no determination whether the conviction related to facts proscribed by law. In Commonwealth v. Borden, 61 Pa. 272, 276, Mr. Justice Agnew observed that the English courts were strict in requiring a return of the evidence heard before a justice but that Pennsylvania has merely followed the rule that the transcript set forth the names of the witnesses, that they were sworn and the substance of their testimony".

We agree with the statement of Judge Weiss, of Westmoreland County, in Commonwealth v. Battistella, 34 D. & C. 2d 201 (1964), at pages 203-04:

"We recognize and apply the principle of leniency when we examine the records of the minor judiciary in accordance with the principle established in Commonwealth v. Challis, 8 Pa. Superior Ct. 130, 132. The records of a justice of the peace are not viewed with 'hypercritical nicety to discover technical defects', but, nevertheless, when the transcript is meager, vague and incomplete, the matter is no longer technical but becomes substantive: Commonwealth v. Wagner, 16 D. & C. 2d 162 (1957); Commonwealth v. Goldstein, 46 Westmoreland 5 (1963)".

In the Battistella case, the court held that the absence of a summary of the testimony of witnesses on the magistrate's record was a fatal substantive defect that warranted reversal of defendant's conviction. Other cases in accord are: Commonwealth v. Reist, 79 York 167 (1965); Commonwealth v. Kennedy, 31 Lehigh 40 (1964); Commonwealth v. Foreman, 15 Cumb. 11 (1964); Commonwealth v. Gerhart, 60 Lanc.

185 (1966) ; Commonwealth v. Wagner, 16 D. & C. 2d
162; Commonwealth v. Schillinger, 39 Luz. 319 (1947).

ORDER

And now, June 21, 1968, the second exception of de-
fendant to the record of the justice of the peace is sus-
tained, and the judgment finding defendant guilty of
the offense charged is set aside and vacated.