## Commonwealth v. Thompson

*Wallace B. Eldridge, 3rd,* for Commonwealth.

*Elmer E. Harter,* for defendant.

WICKERSHAM, J., March 8, 1972.—On October 23, 1971, defendant, George Franklin Thompson, was arrested by a Pennsylvania State Police officer while operating his motor vehicle on U.S. Route 22-322, Middle Paxton Township, Dauphin County, Pa., on a violation of The Vehicle Code, sec. 1008A, entitled "Limitations on Privilege of Overtaking and Passing": Act of April 29, 1959, P. L. 58, sec. 1008, 75 PS § 1008.

The charge being a summary offense under The Vehicle Code and having been committed in the presence of a uniformed police officer, a citation was issued to defendant pursuant to Rule 102(6) and Rule 131 of the Pennsylvania Rules of Criminal Procedure.*

Subsequently, a hearing was held before the issuing authority and defendant, who was represented by counsel, was found guilty. Thereafter, defendant applied for a writ of certiorari under the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 21, 42 PS §951, challenging an alleged defect in the citation.

The matter is now before the court, following argument, on exceptions of defendant alleging, inter alia, that the transcript of the justice of the peace does not set forth that sworn testimony was taken at the hearing in support of the charge against defendant.

The transcript filed by the justice of the peace in response to the allowance of this court of certiorari provided as follows:

"1. At the hearing in my office on November 12, 1971, at 8:00 p.m., as follows:

"2. For the Commonwealth of Pennsylvania, Tpr. C. W. Smith and Tpr. Bernard Shepp vs.

"3. George Franklin Thompson, 523 E. King St., Lancaster, Pa. 17602.

"4. Citation No. B014916, judgment is as follows:

"5. Day, Saturday, is established in Item No. 11.

"6. Date is established, 23 Oct. 1971, in Item No. 11.

"7. Receipt of Citation is verified by signature of the defendant.

"8. Jurisdiction is established by Rule 156, Pa. R. Cr. P. J. P.

---

* Made applicable to the Twelfth Judicial District of Pennsylvania by order of the court dated July 28, 1970. Effective October 1, 1970.

"9. Venue is established by Rule 154, Pa. R. Cr. P. J. P.

"10. Defendant's attorney did not plead innocent to the charge, violation of Section 1008, Subsection A, of The Vehicle Code.

"11. Defendant is judged guilty as charged."

Generally, summary proceedings must be strictly pursued since they are not only penal in nature but also they deny the right of trial by jury. At common law, a complete recording, including the evidence, was required. In such cases, it has been held that the substance of the testimony must be set forth in the record, from which it may be determined that an accused has committed the crime with which he has been charged. See Commonwealth v. Simons, 214 Pa. Superior Ct. 337 (1969), involving an alleged violation of section 1002 of The Vehicle Code, "Driving at an Excessive Speed." (Wright, P. J., and Watkins, J., dissenting.)

To the same effect see Commonwealth v. Boyd, 44 D. & C. 2d 684 (1968), opinion by then President Judge of Dauphin County, the Hon. Homer L. Kreider. The Boyd case involved a charge of reckless driving under section 1001(1) of The Vehicle Code, wherein the transcript of the justice of the peace was brought up to this court on certiorari and various exceptions thereto were filed. The magistrate's record stated only that certain witnesses testified but was blank as to what their testimony consisted of, and we held:

"We think the record of the justice of the peace is fatally defective because it does not contain the substance of the testimony of the witnesses. In fact, the record makes no mention of any testimony. Consequently, defendant's exception in this regard must be sustained. In the frequently cited case of Commonwealth v. Borden, 61 Pa. 272 (1869), the Supreme

Court of Pennsylvania, speaking through the renowned Justice Agnew, said:

" '. . . The next objection is that the evidence was not recorded and returned with the writ of certiorari, for examination and review by the court. On this point the English cases observe great strictness; and in our own we have never held that less than the essential parts or particular substance of the whole testimony should be set forth.' "

"In Commonwealth v. Kuzma, 37 Erie Leg. J. 325 (1953), Judge Laub stated, at page 332:

" '*Certiorari* to Common Pleas is a narrow *certiorari* which confines our inquiry to the regularity of the proceedings and the jurisdiction of the magistrate. We do not, as the appellate courts do, consider the proceedings as on a broad *certiorari* touching evidentiary matters. As pointed out by Judge Knight in Commonwealth v. Robinson, 65 Mont. 19, a justice's court is not a court of record and there is no obligation on the part of the justice to make a complete record of the testimony heard by him. There is an undoubted duty, however, to summarize important facts for the benefit of whatever superior court reviews the record, for otherwise there could be no determination whether the conviction related to facts proscribed by law. In Commonwealth v. Borden, 61 Pa. 272, 276, Mr. Justice Agnew observed that the English courts were strict in requiring a return of the evidence heard before a justice but that Pennsylvania has merely followed the rule that the transcript set forth the name of the witnesses, that they were sworn and the substance of their testimony.' "

"We agree with the statement of Judge Weiss, of Westmoreland County, in Commonwealth v. Battistella, 34 D. & C. 2d 201 (1964), at pages 203-04:

" 'We recognize and apply the principle of leniency when we examine the records of the minor judiciary

in accordance with the principle established in Commonwealth v. Challis, 8 Pa. Superior Ct. 130, 132. The records of a justice of the peace are not viewed with "hypercritical nicety to discover technical defects", but, nevertheless, when the transcript is meager, vague and incomplete, the matter is no longer technical but becomes substantive: Commonwealth v. Wagner, 16 D. & C. 2d 162 (1957); Commonwealth v. Goldstein, 46 Westmoreland 5 (1963).' "

In the instant situation, the transcript of the justice of the peace merely identifies the names of the State Police officers who appeared at the hearing, but does not indicate that they were sworn nor that they testified nor, if they testified, what the substance of that testimony was in support of the charges.

### ORDER

And now, March 8, 1972, the second exception of defendant to the record of the justice of the peace relating to the fatally defective transcript is sustained, and the judgment finding defendant guilty of the offense charged is set aside and vacated.