# Wilmington Steamship Co., Appellant, v. Haas et al.

151      113
26 SC ²649
151      113
28 SC  159

*Landlord and tenant—Jurisdiction of aldermen and city recorder in proceedings to recover possession—Act, 1772.*

An alderman and city recorder have jurisdiction as justices of the peace under the act of March 21, 1772, of proceedings by landlord to obtain possession of demised premises.

*Certiorari to magistrate's judgment—Review—Depositions—Practice.*

In reviewing, upon certiorari, a judgment of a magistrate, on proceedings to obtain possession of demised premises, only the regularity of the proceedings as it appears by the record can be examined. The court cannot consider the terms of the lease, not part of the record.

It is improper practice to allow depositions to be taken in the common pleas to be read upon a hearing of exceptions on certiorari from the judgment of a magistrate.

Argued Feb. 9, 1891. Appeal, No. 132, July T., 1891, by plaintiff, from judgment of C. P. Delaware Co., Sept. T., 1890, No. 118, for defendant, Levi Haas et al., setting aside proceedings begun by plaintiff before two magistrates to recover possession of demised premises. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Certiorari to judgment of alderman of the city of Chester and city recorder on proceedings to obtain possession of demised premises, under the act of March 21, 1772.

Judgment having been obtained against defendant and a writ of restitution awarded, the sheriff returned that he had put plaintiff in possession. Defendant issued certiorari and filed the following exceptions: (1, 2) alderman and city recorder had no jurisdiction, not being justices of the peace within act March 21, 1772; (3) act of March 24, 1877, creating office of city recorder, is unconstitutional; (4, 5) record and lease show term of tenancy was not fully ended; (6) no legal notice to quit was served; (7) jury was not properly summoned.

The terms of the lease between the parties provided that tenant should give up possession on three months' notice, provided that notice should only be given in case the property was sold or the whole property (of which demised property was part) was leased. The lease was not made part of the record of proceedings before the magistrates.

The court, after hearing depositions embodying, inter alia, the lease above referred to, reversed the proceedings on the ground that the termination of the lease depended upon a contingency and therefore that the act of 1772 did not apply.

Plaintiff appealed and took out writ of certiorari.

*Error assigned* was entering judgment for defendants and against plaintiff on the certiorari.

*William Ward*, for appellant.—As to jurisdiction of alderman and city recorder : The acts of March 21, 1772, and of March 24, 1877, give them jurisdiction respectively in express terms.  Nor can constitutionality of the latter act be raised in collateral proceedings.  The commonwealth alone can raise question whether an official commissioned by the governor is to be recognized as such.  As against all but the state, an official de facto is de jure : Clark v. Com., 29 Pa. 129 ; McKim v. Somers, 1 P. & W. 297 ; Cornish v. Young, 1 Ashmead, 153 ; Kiser v. McKissan, 2 Rawle, 139 ; Thompson v. Ewing, 1 Brewster, 67.

*W. S. Sykes*, *Orlando Harvey* with him, for appellee.—Aldermen acquire their powers and jurisdiction in cities from the charters : 1 McKinney's Justice, 138.  In this city, aldermen, by act of Feb. 14, 1866, P. L. 30, acquire jurisdiction only of common law actions.  The act March 21, 1772, is in derogation of the common law : McGee v. Fessler, 1 Pa. 131.  Nothing is presumed within their jurisdiction that is not expressly authorized by law : 2 Bac. Ab. 102 ; 1 McKinney's Justice, 4th ed., 130 ; 2 Pa. Blackstone, 389.

Jurisdiction of city recorder is derived under act March 24, 1877, P. L. 48, which has been held unconstitutional : Ayar's Ap., 122 Pa. 266 ; Com. v. Denworth, 28 W. N. 440.

The commonwealth has itself raised the question.  The record shows that notice to remove was given April 30, 1890, the year ended April 1st, the finding of magistrate was that year's term was ended, not that the term of tenancy was ended, and in this contradicts the complaint ; it cannot do this : Steele v. Thompson, 3 P. & W. 35, 38 ; Spiegle v. McFarland, 1 Walk. 354 ; 25 Leg. Int. 165.

The record is fatally defective in failing to show that tenancy has ended : Fahnestock v. Faustenauer, 5 S. & R. 174 ; May v. Kendall, 28 Leg. Int. 117.

The termination of the lease depended upon a contingency and the act of 1772 did not, therefore, apply : Steele v. Thompson, supra; McGee v. Fessler, supra; Davis v. Davis, 115 Pa. 266.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

This was a landlord and tenant proceeding, before two magistrates under the act of March 21, 1772, to obtain possession of certain demised premises. It resulted in a judgment in favor of the plaintiff company, writ of restitution, etc. On certiorari from the common pleas, the proceedings were set aside and the judgment of the magistrates reversed on the ground, as stated by the court, that the lease, under which defendants were in possession, depended on a contingency and therefore the act of 1772 does not apply. The record is now before us on certiorari from this court, and we are asked to reverse the judgment of the common pleas and affirm the judgment of the magistrates, mainly for the reason that there is nothing in the record proper to warrant the action of the court below.

The record of the magistrates, consisting of the complaint, warrant to the sheriff to summon twelve freeholders and his return thereto, the inquisition, judgment, writ of restitution, etc., appears to be in due form. The proceedings, from beginning to end, are regular and according to law. We find nothing therein to warrant their reversal. The inquisition finds that on the ninth day of April, 1889, the Wilmington Steamship Co., complainant, was quietly and peaceably possessed of certain premises (describing them), "and being so thereof possessed, on the same day and year last aforesaid, did demise the said premises to Levi Haas and Fred Rommel for the term of one year from the first day of April, 1889, at the annual rent of sixty dollars, to be paid in monthly instalments of five dollars per month, and the said Levi Haas and Fred Rommel by virtue of said demise entered into possession of the said demised premises and held the same during the said term and are still possessed of the same, and that the said term for which the said premises were demised is fully ended ; and the said Wilmington Steamship Co., being desirous, upon the determination of said term, to have again and repossess the said premises, for that purpose, did, on the thirtieth of April, 1890,

demand of and require the said Levi Haas and Fred Rommel to remove from and leave the same; and that the said Levi Haas and Fred Rommel have hitherto refused and still refuse to comply with the said demand and requisition to remove from and leave said premises. And the said freeholders do assess damages against the said Levi Haas and Fred Rommel, for the unjust detention of said premises, at five dollars besides costs of suit." The judgment of the magistrates, in due form awarding restitution, etc., follows the inquisition.

We have thus quoted, at some length, from the inquisition for the purpose of showing that its recital of the lease does not indicate that it in any manner depended on a contingency. The lease itself is not a part of the magistrates' record. It might, perhaps, have been attached to and made part of the inquisition, but that was not done; and the only authentic knowledge we have of its terms are the recitals thereof contained in the foregoing quotation from the inquisition. It is true, the plaintiff's paper book contains what purports to be a copy of the lease; but it is no part of the record, and, like much of the irrelevant matter that has found its way into his paper book, it cannot be considered without wholly ignoring the well established rule of law relating to the review of judgments, etc., on writs of certiorari. Nothing is better settled than that a writ of certiorari brings up nothing but the record proper. The evidence, if any has been taken, forms no part of such record, and cannot be properly considered by the court. This principle is too familiar to require the citation of authority. Summary proceeding, such as this, under the landlord and tenant act, are no exception to the rule: McMillen v. Graham, 4 Pa. 140; Canal Co. v. Keiser, 19 Id. 137; Bedford v. Kelly, 61 Id. 491; Buchanan v. Baxter, 67 Id. 350; Wistar v. Ollis, 77 Id. 291. In Buchanan v. Baxter, supra, it is said: "The certiorari does not bring up the evidence given before the justices; it is therefore only the regularity of the proceedings that the common pleas were to examine."

It appears by copy of docket entries in plaintiff's paper book that shortly after the record of proceedings before the magistrates was brought into the common pleas, a rule was granted to take depositions to be read on hearing of the case. Accordingly depositions and exhibits, which appear in plaintiff's paper

book, were filed, and perhaps entered largely into the consideration of the case. Among these is the paper purporting to be a copy of the lease, etc. There is no warrant for any such practice. It is dangerous and should be discouraged. We express no opinion as to the testimony or any of the exhibits referred to, for the reason that they are wholly irrelevant and cannot be considered in such a case as this.

Neither of the seven exceptions filed by defendants is sustained. We are of opinion that the alderman and recorder who acted as justices of the peace in this case were respectively authorized to do so. In other words, by virtue of their respective offices they are justices of the peace within the meaning of the landlord and tenant act.

The judgment of the court of common pleas is reversed, and the judgment of the magistrates, acting as justices of the peace, is affirmed with costs, here and in the court below, to be paid by the defendants.