## Commonwealth, Appellant, v. Simons.

338

Argued March 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*P. Nelson Alexander*, Assistant District Attorney, with him *John F. Rauhauser, Jr.*, District Attorney, for Commonwealth, appellee.

*Donald H. Yost*, with him *Wogan, Elsesser & Yost*, for appellee.

OPINION BY MONTGOMERY, J., June 13, 1969:

On the tenth of March, 1967 Cpl. Michael G. Morgalis swore to an information before Justice of the Peace Oliver C. Nace of Manchester Township, York County, Pennsylvania, charging appellee with driving at an excessive speed ". . . in violation of SECTION 1002, Sub-Section B, Paragraph 9, Article X, Act 32, P. L.

58 of 1959 of the vehicle code of the Commonwealth of Pennsylvania, and amendments thereto."

After being duly summoned appellee appeared at a hearing before Justice of the Peace Nace with counsel on April 28, 1967 and entered a plea of not guilty. Following this hearing at which the informant Cpl. Morgalis appeared and testified, the appellee, who did not testify, was found guilty and fined ten dollars and costs. He did not take an appeal but secured a writ of certiorari from the Common Pleas Court of York County in response to which Magistrate Nace filed a transcript of his record. The return of the Magistrate certified, inter alia, the following data relating to the hearing:

"Witnesses sworn in behalf of Commonwealth: Cpl. Michael G. Morgalis 1195 Roosevelt Ave. York, Pa. State Police. Cpl. Michael G. Morgalis was sworn prior to testifying. Att. Yost when asked waived the right of the reading of the information to defendant & accepted it. It was testified in substance That the defendant was first seen near Strinestown interchange going at a rapid rate of speed going south on Rt. #83. Defendant was clocked at 90 miles per hour. Officer was asked by me the J.P. where the defendant was clocked? the answer to the question was Manchester Twp., York Co., Pa. . . . The defendant was permitted to cross-examine the witnesses: at which time he waived the right and said that he had no question. . . . Att. Yost said that the defendant was not going to testify."

The defendant excepted to the return of the Magistrate. The exception was sustained by the lower court. Hon. JAMES E. BUCKINGHAM, Judge, held that the transcript of the Justice of the Peace was fatally defective on the authority of *Commonwealth v. Ressler*, 81 York Legal Record 1 (1967). This case held a

transcript defective because it failed to show in the summary of evidence how that defendant Ressler, who had been charged with speeding in violation of The Vehicle Code, had been clocked, or that the arresting officer's car had been checked for accuracy.

The Commonwealth-appellant relies on the decision of this Court in *Philadelphia v. Dortort*, 205 Pa. Superior Ct. 211, 208 A. 2d 797 (1965), in support of its argument that the transcript of a magistrate need not contain a recital of the evidence or findings of fact. However, that case, as well as *Bedford v. Kelly*, 61 Pa. 491 (1869), also cited by appellant, were civil actions and not summary convictions. There is a difference. As early as *Garman v. Gamble*, 10 Watts Reports 382 (1840), our Supreme Court recognized the distinction between an action of debt for the collection of a penalty and a summary conviction. See also *Commonwealth v. Davison*, 11 Pa. Superior Ct. 130 (1899), noting the distinction between an action for the recovery of a penalty due the Commonwealth under a statute, although brought as an action of debt, from one brought by a Borough for the violation of an ordinance, not a public offense. This case also recognizes that summary conviction proceedings have technical formalities, some of which may be dispensed with in an action of debt, but nevertheless it stated (page 137), "It is still essential, that the record shall contain a finding, set forth in express terms, or to be implied with certainty, that a special act has been performed by the defendant, and that it shall describe or define it, in such a way, as to individuate it, and show that it falls within an unlawful class of acts. Without this, a judgment that the law has been violated goes for nothing."

Generally, summary proceedings must be strictly pursued since they are not only penal in nature but

also because they deny the right of trial by jury. At common law a complete record including the evidence was required. See 1 *M'Kinney, Pennsylvania Justice of the Peace,* Chapter XIII, 346 et seq. (4th ed. 1887), for the exhaustive dissertation on the subject. However, as set forth in *Commonwealth v. Borden,* 61 Pa. 272 (1869), page 276, wherein the English cases observed great strictness on this point, the Pennsylvania Courts have never held that less than the essential parts or particular substance of the whole testimony should be set forth. Therefore, we must conclude that in such cases the substance of the testimony must be set forth in the record, from which it may be determined that an accused has committed the crime with which he has been charged.

Examining the record in this light, we are confronted with the fact that in the summary of the evidence it is not shown that the defendant was clocked for a distance of not less than one-quarter ($1/4$) mile, as required by Section 1002(d.1)(1) of The Vehicle Code of 1959, as amended, 75 P.S. §1002. This alone justifies the action of the lower court.

Whether the Legislature did or did not intend to make a sudden burst of speed in excess of the limit prescribed by it a violation by the foregoing provision, it did prescribe the manner in which excessive speed must be proved when it is by the following method. The amendment of April 28, 1961, P. L. 108, §2, 75 P.S. §1002(d.1)(1), providing for radar, makes it possible to prove excessive speed at one point rather than over a measured distance. Both methods are approved. *Commonwealth v. Bartley,* 411 Pa. 286, 191 A. 2d 673 (1963); *Commonwealth v. Perdok,* 411 Pa. 301, 192 A. 2d 221 (1963). On these authorities the speed at which appellee was driving was not properly proved.

342

Furthermore, proof of the accuracy of the arresting officer's speedometer was likewise not proved. This is another essential of the Commonwealth's case which was lacking. *Commonwealth v. Brose*, 412 Pa. 276, 194 A. 2d 322 (1963).

Judgment affirmed.

WRIGHT, P. J., and WATKINS, J., dissent.