Exceptions to the Commonwealth.

**Commonwealth v. Wambold**

*Murray Mackson,* Assistant District Attorney, for Commonwealth.

*Martin H. Philip* and *Daniel F. Ziegler,* for defendant.

HEIMBACH, P. J., May 11, 1973.—A writ of certiorari was directed to issue by Judge Woodring, specially presiding, from seven motor vehicle convictions, for the following reasons stated in defendant's petition for allowance:

"(a) That the Commonwealth failed to introduce any evidence at the hearing to show that the named defendant, your Petitioner, was the operator of the vehicle involved in the alleged violation of the Vehicle Code of Pennsylvania Act of April 29, 1959, P. L. 58; said failure being a fatal defect in the Commonwealth's case under each of the seven violations charged.

"(b) That the Commonwealth failed to introduce evidence at the hearing that official radar signs, showing that radar was in use, were posted on said highway as required by section 1002 of the Vehicle Code of Pennsylvania 75 PS §1002; said failure to introduce being a fatal defect in the Commonwealth's complaint charging a violation of said section.

"(c) That the Commonwealth failed to introduce evidence at the hearing to show that the defendant refused to comply with any lawful signal of a peace officer who was in uniform and who exhibited his badge or other cognizable sign of authority as required by section 1221(d) of the Vehicle Code of Pennsylvania; said failure to introduce being a fatal defect in the Commonwealth's complaint charging a violation of said section."

The matter is before us for disposition.

We are to be guided by the following principles of law:

Certiorari brings up for review nothing but the record and the court will consider only irregularities in such matters as are properly a part of the record and appear on the face thereof: 7 P.L.Encyc. 27, §30, and cases cited therein.

The record must show that the accused has committed the crime for which he has been charged: Commonwealth v. Simons, 214 Pa. Superior Ct. 337; Commonwealth v. Brenneman, 13 Adams 18; Commonwealth v. Rudelitch, 50 D. & C. 2d, 721 (Carbon County).

"[W]hen such record shows that all of the elements of an offense that are required to be proved to sustain a conviction have been considered by the justice and the record shows that evidence tending to prove such elements was presented for his consideration, a prima facie case has been made out and the burden is on the defendant to show otherwise": Commonwealth v. Hilton, 4 Carbon 223, 226.

We have reviewed the record carefully and have concluded that all of the reasons advanced for dismissing all or any of the charges are without merit. All jurisdictional requirements have been met and the evidence adduced as stated in the transcript shows that the accused has committed the offenses for which he has been charged. We adopt, with only minor changes, the well-considered statements of the Commonwealth in its brief in disposing of defendant's contentions, viz:

1. THE TRANSCRIPT CLEARLY REVEALS THAT THE DEFENDANT WAS THE OPERATOR OF THE VEHICLE INVOLVED IN THE ALLEGED VIOLATION.

A careful reading of all of the seven transcripts reveals that it was defendant who committed the alleged violations of The Vehicle Code. All the transcripts specifically named defendant in the caption and in alleging the details of the offenses committed by defendant. Moreover, the transcripts reveal that it was "defendant" who did not stop at three signs; who drove his car recklessly; who drove in the wrong direction on a one-way street; who was speeding; and finally, who refused to obey the signal of an officer.

2. THE TRANSCRIPT ESTABLISHED THAT OFFICIAL RADAR SIGNS SHOWING THAT RADAR WAS IN USE WERE POSTED AS REQUIRED BY THE MOTOR VEHICLE CODE.

We quote from the record:

"A lone vehicle was observed in rear view mirror coming at a high rate of speed on which radar locked in at 90 mph. Prosecutor sworn that radar signs were posted, radar set approved by Secretary was tested 29 Dec. 17 (information states radar speed meter tested 29 Dec. 1972), Certificate shown . . ."

We answered a similar objection in Commonwealth of Pennsylvania v. Hilton, supra, by saying:

"Where, as here, the district justice found from the evidence that radar signs were posted, a presumption arises that such signs meet the requirements of the act, and the burden was on the defendant to show otherwise."

We further stated:

"We interpret 'produced radar certification and accuracy test' to mean that certifications covering both the approval of the radar equipment by the Secretary of Transportation and of the accuracy of such equipment by the testing station was presented and received into evidence. We assume for the same

reasons expressed in discussing the first question raised supra in finding the defendant guilty 'on the evidence presented' the district judge found that the radar equipment referred to in the certifications was the one in use at the time of the offense."

A review of the record shows that it contains the substance of the testimony: Commonwealth v. Simons, supra. Evidence was presented for consideration by the magistrate, including the prosecutor's testimony that it was "defendant" who committed the acts charged, to prove the elements of the offenses. Thus, a prima facie case was made out which places the burden on defendant to show otherwise: Commonwealth v. Davidson, 412 Pa. 279, 281; Commonwealth v. Perdok, 411 Pa. 301, 305; Commonwealth v. Paul S. Hilton, supra; Commonwealth v. Banovitch, 56 D. & C. 2d 283. The transcript clearly reveals that the magistrate only after "having heard all of the evidence offered," found defendant guilty of the offenses charged.

3. THE TRANSCRIPT SETS FORTH THAT THE DEFENDANT DID NOT COMPLY WITH THE OFFICER'S SIGNAL, FLASHING LIGHTS AND SIREN AND NEED NOT STATE THE OFFICER WAS IN UNIFORM AND EXHIBITED HIS BADGE OR OTHER SIGN OF AUTHORITY.

The transcript involved in the offense of violation of The Vehicle Code states:

"It was testified in substance that flashing lights (four way) were put on police cruiser plus siren on Rte. 248 before Bowmanstown off-ramp (West) and were on during chase into Bowmanstown and in Bowmanstown during the chase."

The signal and cognizable sign of authority in this

case, 75 PS §1221(d), is the flashing lights and siren on the police cruiser.

It is not necessary to set forth in the information that the officer was in uniform and that he exhibited his badge or other sign of authority. In Commonwealth v. Grant, 84 D. & C. 600, it was held that an information charging the defendant with failure to stop on the signal of a police officer is sufficient without averring that the officer was in uniform and exhibited his badge or other sign of authority.

Obviously, the sign of authority in this case is the flashing lights and siren which the officers used on their police cruiser during the period of the chase of defendant into Bowmanstown. Here again, the transcript states that "after having heard all the evidence offered, therefore, it is adjudged by me, the said magistrate, that Larry Wambold, said defendant, is guilty of the offense charged against him." All of the elements of the offenses that were required to sustain a conviction were, therefore, considered by the magistrate and the record shows that such evidence tended to prove that all such elements were presented for the magistrate's consideration. A prima facie case was made out and the burden was on defendant to show otherwise.

Although we will affirm the judgment of the justice of the peace on the merits, we once more call the attention of the bar to our statement in Commonwealth v. Hilton, supra, at 228, vis:

"We again call attention to the open letter addressed to the members of our bar published in the Carbon County Law Journal December 31, 1971, wherein we stated we were hereafter allowing writs of certiorari, not as a matter of right, but only for compelling reasons affecting jurisdiction or the

merits to do 'right and justice.' We called the bar's attention to the excellent opinion of Judge Coffreth in the case of Commonwealth v. Banovitch, now reported in 56 D & C 2d, 383, that certiorari should only be issued for such reasons."

The undisputed testimony in the record as given by the prosecutor, a Pennsylvania State policeman, reveals that defendant's vehicle was timed by radar travelling at the rate of speed at 90 miles per hour on a public highway where the permissible rate of speed was 60 miles per hour. Immediately after defendant had passed through the radar zone, the prosecutor, with his flashing dome light and siren operating, pursued defendant who, before out-distancing the prosecutor, travelled at a high rate of speed through the streets of the Borough of Bowmanstown and, without stopping, entered four through streets guarded by stop signs, and entered and passed through a one-way street in the wrong direction.

Since defendant does not raise a jurisdictional question and merely questions the sufficiency of the evidence, and since a court should exercise its discretion in allowing a writ of certiorari to issue to do "right and justice," defendant should have proceeded by an appeal rather than certiorari: Commonwealth v. Banovitch, supra.

We fully agree with the court's statement in Commonwealth v. Banovitch, supra, at 401:

"The rules and regulations governing transcripts in summary convictions must be synthesized with the judicial discretion we have in granting or refusing the writ in the first place, and with the higher command of the Constitution to do 'right and justice.' The causes which justify the exercise of that discretion to grant allowance must be substantial enough to raise an issue of right and justice and substantial enough

to be discerned before the writ issues; opportunistic discoveries made after an unskillful justice of the peace returns a technically deficient transcript are not substantial causes."

We would be warranted in quashing the writ as having been improvidently allowed: Ewing v. Thompson, 43 Pa. 372.

## ORDER

Now, May 11, 1973, the judgment of the justice of the peace is affirmed.

Costs on defendant.