Commonwealth *v.* Cook et al., Appellants.

274

Submitted December 4, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*M. J. DeSisti,* for appellants.

*James E. Davis,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., June 14, 1973:

Appellants Guy Cook and Bruce E. Daugherty were convicted at separate hearings by a Wyoming County District Justice of the Peace on charges of speeding in violation of The Vehicle Code.[1] Contending that the Commonwealth has failed to satisfy its statutory requirement of establishing the accuracy of radar equipment used in detecting the offense, appellants petitioned the Court of Common Pleas for a writ of certiorari in order to obtain a view of the transcript of the summary proceedings. The court ordered the praecipe for the writ to be dismissed, the writ quashed and the convictions affirmed on the grounds that appellants' claims were not the proper subject for review on certiorari. Appellants appeal from the order.

Under the Minor Judiciary Court Appeals Act, Act of December 2, 1968, P. L. 1137, §1, 42 P.S. §3001 et seq., a defendant, after being convicted in summary proceeding may elect to bring an appeal to the court of common pleas and obtain a trial de novo[2] or, in the alternative, may petition the court of common pleas of the district to issue a writ of certiorari and to bring the transcript of the summary proceedings before it for review of that record.[3] Appellants in this case opted for the latter.[4]

The court below, in denying appellants the relief they sought via certiorari, "attempted to settle the

---

[1] Act of April 29, 1959, P. L. 58, §1002, as amended, 75 P.S. §1002.

[2] Act of December 2, 1968, P. L. 1137, §3, 42 P.S. §3003.

[3] Act of December 2, 1968, P. L. 1137, §6, 42 P.S. §3006.

[4] Appellants, in seeking review via certiorari, raise the argument that an appeal would not be adequate, arguing that at a trial de novo the Commonwealth will be able to correct errors it is alleged to have made at the hearing before the justice of the peace. While this may render an appeal less advantageous to appellants, we do not find that it detracts from the adequacy of that form of relief.

comparative roles of an appeal from a conviction in a summary proceeding under the Minor Judiciary Court Appeals Act . . . and the device of Certiorari." The court was of the opinion ". . . [a]ny question is raisable in an appeal under the Minor Judiciary Court Appeals Act, but that Certiorari allows an extremely narrow scope of review. 'Ordinarily Certiorari in a summary criminal matter may deal only with questions of law, not questions of fact, not the admissibility, competency, sufficiency, or relevancy of evidence heard by the Justice of the Peace.' [Citing Commonwealth v. Rosenberger, No. 88, January Term (Court of Common Pleas, Wyoming County).]"

While the Court of Common Pleas, in its reviewing capacity on certiorari, is given discretion in granting such relief (by the very terms of the Minor Judiciary Court Appeals Act[5]), we find that the court erred in holding that the instant case fell beyond its scope of review. The court below was correct in asserting that where there exists a statutory right of appeal, questions of fact may not be reviewed on certiorari. The latter device, in reviewing the regularity of the record, can only properly entertain questions of law, to the exclusion of issues related to the sufficiency, admissibility, competency or relevancy of evidence presented to the justice of the peace. *Commonwealth v. Quinn,* 215 Pa. Superior Ct. 78, 257 A. 2d 266 (1969) ; *Wilmington Steamship Co. v. Haas,* 151 Pa. 113, 25 A. 85 (1892). The instant case, however, raises a question of law which is reviewable on certiorari.

---

[5] Section 3006 of the Act reads: "In addition to the right of appeal from minor judiciary courts, the judges of the courts of common pleas, within their respective judicial districts, shall have power to issue writs of certiorari to minor judiciary courts and to cause their proceedings to be brought before them, and right and justice to be done, as heretofore provided by law."

The Act under which appellants were convicted mandates that such convictions cannot be sustained unless the Commonwealth produces proof of, *inter alia,* the accuracy of the radar detecting device used, and the posting of radar warning signs on the highway.[6] Where by statutory requirement the method of proving an offense *must* include the production of evidence of a

---

[6] The relevant statutory provisions reads: "The rate of speed of any vehicle may be timed on any State highway, including the Pennsylvania Turnpike System, by officers of the Pennsylvania State Police through the use of radio microwaves, commonly referred to as electronic speed meters or radar.

"No conviction shall be had upon evidence obtained through the use of radar apparatus unless—

"(i) it is of a type approved by the secretary, and

"(ii) it has been calibrated and tested for accuracy and found accurate or adjusted for accuracy within a period of thirty days prior to the alleged violation, and

"(iii) official warning signs have been erected on the highway by the proper authority indicating that radar is in operation.

"(iv) the speed recorded is six or more miles per hour in excess of the legal speed limit.

"(2) The secretary shall have the authority to appoint official stations for calibrating and testing radar apparatus, and may prescribe regulations as to the manner in which such calibrations and tests shall be made, and shall issue to such stations official inspection certificate forms.

"An official certificate from an official inspection station, showing that the calibration and tests required by this subsection were made within the required period, and that the radar apparatus was accurate or was adjusted for accuracy, shall be competent and prima facie evidence of the fact that such certificate was issued by an official inspection station appointed by the secretary and of the accuracy of the radar apparatus in every proceeding where an information is brought charging a violation of this section.

"(3) The Secretary of Highways shall have the authority to establish, by rule and regulation, the size, color and type of warning sign to be erected on the highways where radar is in use and to designate the intervals at which such warning signs are erected." Act of April 28, 1961, P. L. 108, §2, 75 P.S. §1002 (d.1) (1).

specific *type* and it is alleged that the record is wholly devoid of any such showing, the assertions raise a question of law reviewable on certiorari. The absence of this required Commonwealth testimony on the face of the transcript returned by the magistrate renders that transcript fatally defective. *Commonwealth v. Simons,* 214 Pa. Superior Ct. 337, 257 A. 2d 694 (1969). See *Commonwealth v. Brose,* 412 Pa. 276, 194 A. 2d 322 (1963). "Generally, summary proceedings must be strictly pursued since they are not only penal in nature but also because they deny the right of trial by jury." *Simons,* supra at 340-41.

The court below thus erred in concluding that appellants' contentions were not properly raisable on certiorari. The order of the court below is reversed and the cases remanded for further consideration of the petitions for certiorari.

WRIGHT, P. J., would affirm on the order of the court below.