## Commonwealth v. Adams

*Stephen P. Linebaugh,* Assistant District Attorney, for Commonwealth.

*John W. Thompson, Jr.,* of *Shoemaker & Thompson,* for defendant.

SHADLE, J., January 25, 1974.—Defendant was convicted before a district justice of speeding in a school zone in violation of section 1002(b)(2) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1002. He procured a writ of certiorari from this court, the justice filed his transcript of the proceedings, to which defendant filed certain exceptions, and argument was had before the court.

Defendant's first contention is that the summary of the testimony of the prosecuting officer does not disclose that "warning signs" were posted. We assume he refers to signs indicating that the area was a school zone and signs indicating a limited speed limit. The

simple answer to this contention is that section 1002-(b)(2) of the code does not require the posting of signs as do subsections 1.1, 3, 4, 8 and 9 of the same section. The speed limitation is imposed upon motorists while passing a school building while school children are approaching or leaving it. The mere existence of the school building and presence of children constitute sufficient notice and warning to passing motorists, and no warning signs are required.

Defendant next argues that the transcript fails to set forth the substance of the testimony of the prosecuting officers on cross-examination by defendant's counsel. In the first place, there is no indication in the record that there was, in fact, any cross-examination, and there has been no suggestion of diminution of the record. Furthermore, the latest appellate court pronouncement on certiorari indicates that the transcript need only contain the substance of the testimony from which it may be determined that the accused *has committed* the offense: Commonwealth v. Simons, 214 Pa. Superior Ct. 337 (1969). So long as the summary of the testimony is sufficient for this purpose, there is no requirement that any cross-examination thereon be separately set forth. In the absence of some record indication or allegation to this effect, the court is not required to speculate that there was, in fact, cross-examination and that such examination negated commission of the offense by defendant.

At the conclusion of the summation of the testimony, the transcript set forth that "defendant did not testify at the time of the hearing." Defendant argues that this statement demonstrates that the district justice drew an adverse inference of defendant's guilt in violation of his constitutional right to silence. We emphatically reject this contention. The district justice was required to set forth what happened at the hearing. Had he

failed to state whether or not defendant testified, this would have been assigned as error. The mere statement that defendant did not testify is no more than a recital of a fact. To contend that we should infer from such statement the drawing of an unconstitutional presumption of guilt is beyond reason and logic.

### ORDER

And now, to wit, January 25, 1974, defendant's exceptions to the transcript of the district justice are dismissed, and the judgment of the district justice is affirmed. An exception is noted for defendant.