## Commonwealth v. Hill

*JoAnn Dittman, assistant district attorney,* for the Commonwealth.

*Ann Targonski,* for defendant.

KREHEL, *P.J.,* November 7, 1985—On August 29, 1985, a criminal complaint was filed against James O. Hill charging him with homicide by vehicle while driving under the influence, 75 Pa.C.S. §3735(a); homicide by vehicle, 75 P.S. §3732; driving under the influence, 75 Pa.C.S. §3731(a)(1); driving under the influence, 75 Pa.C.S.

§3731(a)(4); reckless driving, 75 P.S. §3714; driving vehicle at a safe speed, 75 P.S. §3361; and driving while operating privilege is suspended or revoked, 75 P.S. §1543. On October 2, 1985, a preliminary hearing was held before District Justice Wade J. Brown.

As a result of this preliminary hearing the charge of homicide by vehicle, 75 P.S. §3732, was dismissed based on the district justice's determination that the Commonwealth failed to establish a necessary element of the charge. The district justice stated that the element of a violation of any law of the Commonwealth or municipal ordinance relative to the operation of a vehicle appeared to be missing in the Commonwealth's case. Inexplicably, the district justice bound over the remainder of the counts including the reckless driving, 75 P.S. §3714 and driving vehicle at a safe speed, 75 P.S. §3361.

On October 8, 1985 the Commonwealth filed a writ of certiorari and/or notice of appeal. Defendant filed an answer to this writ of certiorari on October 18, 1985. Defendant also filed a motion to strike the Commonwealth's petition on November 1, 1985. A hearing was held before this court on November 7, 1985.

Prior to addressing the issues and arguments raised in the Commonwealth's writ of certiorari and defendant's petition to strike, a question of what effect, if any, this court should give the Commonwealth's attempt to amend their original petition must be resolved. Defense counsel argued during the hearing of November 7, 1985, that all issues raised in the Commonwealth's amended petition were not properly before this court because of the failure of the Commonwealth to file this amended petition with this court's prothonotary in violation of Pa.R.C.P. 9022. However, while setting forth this

argument, defense counsel conceded their receipt of the amended petition approximately 13 days prior to the hearing of November 7, 1985. Such receipt clearly accomplished the purposes of Pa.R.C.P. 9023 which requires service of appropriate motions to the adverse party. Accordingly, this court finds no prejudice to defendant as a result of the Commonwealth's failure to file the amended petition with this court's prothonotary and will address the arguments raised in the Commonwealth's amended petition.

At the heart of both the Commonwealth's petition for a writ of certiorari and defendant's petition to strike lies the issue of whether District Justice Brown's decision not to bind over the charge of homicide by vehicle was based on a factual determination or a misinterpretation of the law. It is clear that pursuant to the provisions of 42 Pa.C.S. §934 this court is empowered to issue writs of certiorari to the minor judiciary. Certiorari is a device that can "properly entertain only questions of law to the exclusion of issues related to sufficiency, admissibility, competency or relevancy of evidence presented to the district magistrate." Commonwealth v. Cook, 226 Pa. Super. 273, 308 A.2d 151 (1973).

This court is satisfied that the instant fact situation presents a clear misinterpretation of the law. While the transcripts reflect some hesitancy by the district justice as to the sufficiency of the evidence relative to the alleged motor vehicle violations, this court must recognize that these violations were in fact bound over. Further, a death of a passenger is presented within the fact pattern before this court. Accordingly, both elements of the charge of homicide by vehicle, 75 P.S. §3732, established by the Commonwealth with sufficient probable cause to believe that defendant had committed the offense.

This is the burden of proof imposed on the Commonwealth at the Preliminary Hearing. Commonwealth v. Smith, 212 Pa. Super. 403, 244 A.2d 787 (1968). Having met this burden, as indicated by proof of the death of a passenger and the binding over of two motor vehicle offenses, the district justice's dismissal of the homicide-by-vehicle charge was a mistake of law.

In light of the foregoing, this court enters the following

### ORDER

And now, this November 7, 1985, after a hearing on the Commonwealth's petition for writ of certiorari and/or notice of appeal and defendant's motion to strike, it is hereby ordered that:

(1) Defendant's motion to strike is denied:

(2) Defendant is hereby granted leave to pursue his writ of habeas corpus filed October 24, 1985;

(3) The Commonwealth's writ of certiorari and/or notice of appeal is hereby granted: and

(4) After a finding that two motor vehicle offenses were bound over by District Justice Brown and the death of an individual is involved in the above-captioned matter, this court hereby reinstates the charge of homicide by vehicle against defendant in the above-captioned matter.