J-S12016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ABDOU IDRRISSA, | |
| Appellant | No. 1444 MDA 2017 |

Appeal from the PCRA Order, August 14, 2017,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0001945-2009

BEFORE:  LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 25, 2018**

Abdou Idrrissa ("Appellant") appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.   We affirm.

The pertinent facts and procedural history may be summarized as follows:  On July 13, 2009, the Commonwealth charged Idrrissa with the rape and assault of an unconscious person.  At the conclusion of a three-day trial on October 22, 2014, the jury convicted Idrrissa of both charges.  On January 21, 2015, the trial court sentenced him to an aggregate term of 66 to 132 months of imprisonment.  Idrrissa filed a timely appeal to this Court following the denial of his post-sentence motion.  In his direct appeal, Appellant challenged the denial of a suppression motion, the weight of the evidence supporting his convictions, and a challenge to the discretionary

aspects of his sentence. Finding no merit to any of these claims, we affirmed his judgment of sentence in an unpublished memorandum filed on January 13, 2016, and our Supreme Court denied his petition for allowance of appeal on June 27, 2016. *See Commonwealth v. Idrrissa*, 136 A.3d 1031 (Pa. Super. 2016), *appeal denied*, 141 A.3d 479 (Pa. 2016).

On August 8, 2016, Idrrissa filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed a "no-merit" letter and petition to withdraw, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), based upon PCRA counsel's conclusion that Idrrissa's petition was without merit. By order dated June 13, 2017, the PCRA court granted PCRA counsel's motion to withdraw, and dismissed Idrrissa's PCRA petition as meritless.

On July 15, 2017, Idrrissa filed a *pro se* objection to the June 13, 2017 order dismissing his PCRA petition, and in which he raised three new claims of ineffective assistance of counsel. The PCRA Court chose to treat this filing as an amendment to Idrrissa's petition. On July 11, 2017, the PCRA court issued Pa.R.A.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Idrrissa filed a response. By order entered August 14, 2017, the PCRA court dismissed Idrrissa's amended petition. This timely appeal follows. Both Idrrissa and the PCRA court have complied with Pa.R.A.P. 1925.

Idrrissa raises the following issues on appeal:

1. Whether the Trial Court erred by failing to dismiss [Idrrissa's] charges for the failure of the District Attorney to sign the Bill of Information?

2. Whether [Trial] Counsel was ineffective for failing to file a Motion to Quash the Trial Transcripts and dismiss the case because the Transcripts [were] fatally defective?

3. Whether Trial Counsel was [i]neffective for failing to interview the Commonwealth's witnesses or [Idrrissa] in order to [determine what testimony to use] at Trial]?

Idrrissa's Brief at 4.

This Court has recently reiterated:

On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-15 (Pa. Super. 2014) (citations omitted).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated or waived. *Commonwealth v. Carpenter*, 725 A.2d 154, 160 (Pa. 1999). An issue has been "previously litigated" if the highest appellate court in which the petitioner could have had review as a matter of

right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. ***Carpenter***, 725 A.2d at 160; 42 Pa.C.S.A. § 9544(a)(2), (3). If a claim has not been previously litigated, the petitioner must then prove that the issue was not waived. ***Carpenter***, 725 A.2d at 160. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

In his first issue, Idrrissa asserts that the trial court erred in failing to dismiss the charges against him because the District Attorney did not sign his bill of information. Because this claim, as phrased, could have been raised on direct appeal, but it was not, it is waived. ***Carpenter***, ***supra***. Our review of the record, however, reveals that Idrrissa challenged the effectiveness of trial counsel in failing to file the motion to dismiss in his amended PCRA petition and in his Rule 1925(b) statement, and the PCRA court addressed it as an ineffectiveness claim. Thus, we will do the same.

Because Idrrissa's claim challenges the stewardship of prior counsel, we apply the following principles. The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on the appellant. ***Id.*** To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of

- 4 -

arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonably probability that the outcome of the challenged proceedings would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

In assessing a claim of ineffectiveness, when it is clear that the appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). Counsel will not be deemed ineffective if any reasonable basis exists for counsel's actions. ***Commonwealth v. Douglas***, 645 A.2d 226, 231 (Pa. 1994). Even if counsel had no reasonable basis for the course of conduct pursued, however, an appellant is not entitled to relief if he fails to demonstrate the requisite prejudice which is necessary under Pennsylvania's ineffectiveness standard. ***Douglas***, 645 A.2d at 232.

Here, Idrrissa first claims that trial counsel was ineffective for failing to file a motion to quash the information filed against him because it was not signed by the District Attorney pursuant to Pa.R.Crim.P. 560(B). The PCRA

court concluded that Idrrissa could not establish prejudice. It explained as follows:

> Pa.R.Crim.P. 560(B) provides that a criminal information must be signed by an attorney for the Commonwealth, i.e. the District Attorney. However, Courts have held that the signature requirement is merely directory and "its absence renders an information merely voidable and curable by amendment if properly raised in a pre-trial motion to quash." [**Commonwealth v. Veneri**, 452 A.2d 784, 788 (Pa. Super. 1982)]. [Idrrissa] is unable to satisfy the prejudice prong as a result of counsel's inaction and has not set forth any reasons as to why he was prejudiced. The outcome of the case would not have been different had trial counsel raised the issue in a pre-trial motion. As the Court pointed out in **Veneri**, the failure to have the criminal information signed renders the information merely voidable. If trial counsel had raised that issue, the Commonwealth surely would have had the right to amend the information and, presumably, would have likely done so. Accordingly, this issue is without merit.

Trial Court Opinion, 6/13/17, at 2. We agree.

Idrrissa's claims to the contrary are without merit. Although he attempts to argue prejudice by asserting a lack of jurisdiction, that **Veneri** was wrongly decided, and that the criminal information could not be amended, he cites no pertinent case authority to support his positions. Claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. **See generally**, **Commonwealth v. Pettus**, 424 A.2d 1332 (Pa. 1981). Nevertheless, our review of the record supports the Commonwealth's statement within its brief that the original criminal information filed against him was signed by the District Attorney and/or his representative. **See** Commonwealth's Brief at 7. Counsel cannot be

deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Thus, Idrrissa's first ineffectiveness claim fails.

In his second claim, Idrissa argues that trial counsel was ineffective for failing to file a motion to quash his trial transcript because the transcript did not include the opening and closing remarks of the parties. Our review of his amended petition, however, reveals that he only raised his ineffectiveness claim as to the *opening* statements of both the Commonwealth and trial counsel. The PCRA court addressed only this claim, and, accordingly, we shall do the same.

The PCRA court once again concluded that Idrrissa failed to establish prejudice:

> In support of his argument, [Idrrissa] cites to **Commonwealth v. Simons**, 257 A.2d 694 (Pa. Super. 1969). However, [this] reliance is misplaced. In the instant matter, the record contains sufficient evidence to establish [Idrrissa's] guilt. Additionally, [Idrissa] has failed to establish how he was prejudiced by the failure of trial counsel to request and obtain the opening . . . statements given by counsel at trial. We also note that that following instruction was given to the jury: ["t]he opening statements are not evidence in this case. It is just an outline to help you better understand what is to follow, better anticipate what is to follow." Accordingly, this issue is without merit.

PCRA Court Opinion, 6/13/17, at 3 (citations and footnotes omitted). The court further opined that "[t]o the extent that [Idrrissa] alleges prosecutorial misconduct, [he] makes an argument that 'the prosecutor's opening

- 7 -

statement prejudiced [him.]' [Idrrissa] does not provide any specific detail nor case law to support this assertion and therefore, this issue is thus waived/without merit." Trial Court Opinion, 6/13/17, at 3 n.3.

Our review of the record supports the PCRA court's conclusions. **Simons**, **supra**, involved a summary appeal in which the Commonwealth challenged the dismissal of a speeding charge against Simons because the record from the magistrate did not include evidence of how the arresting officer calculated Simon's rate of speed or whether the officer's speedometer had been checked for accuracy. As the PCRA court noted, the speeding conviction in **Simons** was reversed because the record contained insufficient evidence to support the magistrate's verdict. Here, Idrrissa challenges only the absence of the opening statements from the trial transcript; none of the testimony was omitted.

Moreover, contrary to Idrrissa's claim as the appellant in this case, he bears the burden to ensure that the certified record contains a full transcript, not the Commonwealth. **See Commonwealth v. Brown**, 161 A.3d 960, 968 (Pa. Super. 2017) (explaining that an appellant bears the responsibility to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty).

Finally, although Idrrissa now states that the Commonwealth repeatedly referred to him as a "rapist" during its opening remarks, Idrrissa's Brief at 11, the PCRA court did not address this specific claim, and Idrrissa may not raise it for the first time on appeal. **Commonwealth v.**

*Foster*, 960 A.2d 160, 163 (*quoting* Pennsylvania Rule of Appellate Procedure 302(a)). Thus, Idrrissa's second ineffectiveness claim fails.

In his third and final issue, Idrrissa claims that trial counsel was ineffective for failing to interview the victim and several "hostile" Commonwealth witnesses before trial, so that counsel could formulate a strategy, and then determine whether Idrrissa himself should testify.[1]

In order to establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

*Commonwealth v. Hall*, 867 A.2d 619, 629 (Pa. Super. 2005).

The PCRA court concluded that Idrrissa had failed to meet one of more prongs of the above test. It stated:

> [Idrrissa] does not offer any indication of what these proposed witnesses that trial counsel failed to interview, would have offered at trial. [He] also fails to establish the prejudice prong. In the instant matter, the Commonwealth properly introduced the testimony of the victim, and the recording/transcript [of a telephone call between the victim and Idrrissa in which the latter essentially admits committing the crimes charged], that

_____

[1] Idrrissa did not testify in his own defense.

showed an overwhelming degree of guilt by [Idrrissa]. [He] also fails to supply an affidavit from these witnesses that they would have testified in his favor. To the contrary, [Idrrissa] admits that they would have been "hostile witnesses at trial [and] may have presented additional difficulties to [his] case." Surely, even [Idrrissa] recognizes that calling these witnesses would have been detrimental to [his] case. As such, this issue is without merit.

PCRA Court Opinion, 6/13/17, at 4 (footnote omitted). We agree.

Once again, we conclude that Idrrissa raised this ineffectiveness claim before the PCRA court without proffering any specific information that would assist him in establishing the **Hall** factors. **Pettus**, **supra**. While he does make bare allegations that the victim had made multiple false reports against other individuals, he cannot raise this issue for the first time on appeal.

In sum, none of the ineffectiveness claims raised by Idrrissa entitles him to relief. We therefore affirm the order denying his amended PCRA petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/25/18

- 10 -